Peyko, Appellee, *v.* Frederick, Appellant.

[Cite as Peyko v. Frederick (1986), 25 Ohio St. 3d 164.]

(No. 85-1216—Decided July 30, 1986.)

*Richard D. Goldberg* and *John M. Durkin,* for appellee.
*Comstock, Springer & Wilson* and *David C. Comstock,* for appellant.

SWEENEY, J. The sole issue before the court is whether a plaintiff may have access through discovery to the "claims file" of the defendant's insurer, when the plaintiff, having obtained a judgment against the defendant, files a motion for prejudgment interest on the amount of that judgment pursuant to R.C. 1343.03(C). The defendant-appellant herein essentially contends that the plaintiff-appellee may *not* have access to the claims file because (1) the material in the file is protected under the attorney-client communication privilege, and (2) the file is not relevant to a determination of whether the defendant failed to make a good faith effort to settle the case. We find the appellant's arguments to be unpersuasive.

With regard to the appellant's assertion that the claims file is protected by the attorney-client privilege and not subject to discovery or scrutiny by the plaintiff, we simply note that "the burden of showing that testimony [or documents] sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude [them] * * *." *Waldmann* v. *Waldmann* (1976), 48 Ohio St. 2d 176, 178 [2 O.O.3d 373] (citing *In re Martin* [1943], 141 Ohio St. 87, 103 [25 O.O. 225]). In his motion to quash plaintiff's subpoena duces tecum, claims superintendent Leugers offered no proof that any of the materials in the insurer's claims file were privileged, and he did not request the court to conduct an *in camera* inspection of the file. Leugers' motion relied upon the blanket assertion that the file contained privileged communications; and, because the assertion is not supported in the record, it fails to satisfy Leugers' burden of showing that the file, or any part thereof, is privileged.

Appellant's second argument, that an insurer's claims file is irrelevant to a determination of whether the defendant made a "good faith effort to settle," is based upon the assertion that the *defendant* (not the defendant's insurer) is solely responsible for the payment of prejudgment interest pursuant to R.C. 1343.03(C). Specifically, appellant contends that because R.C. 1343.03(C) is directed only toward "the *party required to pay* [a judgment]" (emphasis added) and allows an award of prejudgment interest only when *that party* "failed to make a good faith effort to settle the case," the files of the party's insurer are irrelevant to any determination regarding the conduct of the party. We find this argument to be without merit.

Although the defendant, individually, is ultimately responsible for payment of a judgment rendered against her and for payment of any prejudgment interest thereon, any determination regarding the defendant's efforts to settle the case that resulted in such judgment *necessarily* requires a review of the settlement efforts of those who acted on the defendant's behalf. It is impossible to ignore the conduct of the defendant's insurer in any determination regarding settlement efforts, unless one is to ignore the realities of litigation. The defendant's insurer conducts the pretrial negotiations and litigation and approves any offers of settlement — *all* in the defendant's name and for the defendant's benefit. As such, the insurer's conduct clearly is *more* relevant to a determination regarding the

settlement efforts than is the individual conduct of the defendant or defense counsel.

The purpose of R.C. 1343.03(C) is to encourage litigants to make a good faith effort to settle their case, thereby conserving legal resources and promoting judicial economy. To absolve liability insurers from responsibility for the settlement efforts that they make on behalf of individual litigants certainly would thwart the purpose, and render meaningless, the provisions of R.C. 1343.03(C).[1] With this in mind, we hold that when a plaintiff, having obtained a judgment against a defendant, files a motion for prejudgment interest on the amount of that judgment pursuant to R.C. 1343.03(C), the plaintiff, upon a showing of "good cause" pursuant to Civ. R. 26(B)(3), may have access through discovery to those portions of the defendant's insurer's "claims file" that are not shown by the defense to be privileged attorney-client communications. If the defense asserts the attorney-client privilege with regard to the contents of the "claims file," the trial court shall determine by *in camera* inspection which portions of the file, if any, are so privileged.[2] The plaintiff then shall be granted access to the non-privileged portions of the file.

Accordingly, the judgment of the court of appeals is affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.[3]

*Judgment affirmed.*

CELEBREZZE, C.J., LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.

---

[1] A defendant ultimately is responsible for the payment of prejudgment interest awarded to a plaintiff as a result of the defendant's failure (or the failure of others acting on his behalf) to make a good faith effort to settle the case against him. The defendant's insurer, however, may be liable to the defendant for the amount of the prejudgment interest award, if the insurer's conduct was the basis for the award. See, generally, *Centennial Ins. Co.* v. *Liberty Mut. Ins. Co.* (1980), 62 Ohio St. 2d 221 [16 O.O.3d 251]; *Slater* v. *Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148 [21 O.O.2d 420]; *Hart* v. *Republic Mut. Ins. Co.* (1949), 152 Ohio St. 185 [39 O.O. 479].

[2] See, *e.g., In re Klemann* (1936), 132 Ohio St. 187, 193 [7 O.O. 273], which held that a casualty report of an accident that was transmitted to the insurance company's attorney "constitutes a communication from client to attorney."

[3] In light of the disparity between the defendant's highest settlement offer and the jury's verdict, and because the plaintiff has clearly demonstrated that without access to the insurer's claims file he is unable to effectively show that the defendent, through her insurer, failed to make a good faith effort to settle the instant case, the plaintiff has shown good cause, pursuant to Civ. R. 26(B)(3), for discovery of the claims file. On remand, therefore, the trial court will proceed with an *in camera* inspection of the claims file in order to determine which portions of the file, if any, are privileged.