OPINION
On June 27, 1991, appellee, Betty Fairchild, individually and as executrix of the estate of her husband, Roy B. Fairchild, filed a complaint for damages for injuries and wrongful death incurred as a result of an automobile/motorcycle accident on July 27, 1990, wherein Marie Curtis was the operator of the automobile owned by Delmar Litton. Ms. Curtis and Mr. Litton (hereinafter "tortfeasors") were covered under an insurance policy issued by appellant, Leader National Insurance Company. Appellant interplead on July 22, 1992 in order to interplead its policy limits of $50,000.
A jury trial on damages commenced on July 27, 1992. The jury found for appellee in the amount of $10,800 individually and $500 for the estate. On appeal, this court remanded the case for a new trial on the issue of damages for the estate. Fairchild v.Curtis, et al. (November 24, 1993), Guernsey App. No. 93-CA-9, unreported (hereinafter Fairchild I).
A bench trial on damages was held on November 2, 1994. By judgment entries filed January 26 and January 27, 1995, the trial court entered damages in the amount of $607,710.10. Pursuant to a pretrial stipulation of the parties made on October 28, 1994, the trial court reduced the judgment to $600,000.
On March 13, 1995, the trial court held a prejudgment interest hearing. By judgment entry filed August 22, 1995, the trial court awarded prejudgment interest against appellant on its policy limits of $50,000.
On August 24, 1995, appellee filed a Civ.R. 60 (B) motion to modify the prejudgment interest to conform to R.C. 1343.03(C) and to specify an award against the tortfeasors. Prior to the trial court's ruling, the parties filed notices of appeal on the August 22, 1995 prejudgment interest award. This court remanded the case to consider the Civ.R. 60 (B) motion. Fairchild v. Curtis et al.
(May 16, 1996), Guernsey App. Nos. 95 CA 16, 95 CA 17 and 95 CA 23, unreported (hereinafter Fairchild II).
By judgment entry filed June 21, 1996, the trial court awarded prejudgment interest against the tortfeasors and appellant in the amount of $371,808.89 with interest to accrue on the unpaid amount.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN COMPUTING THE PREJUDGMENT INTEREST AWARD AGAINST LEADER NATIONAL INSURANCE COMPANY.
II
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING PLAINTIFF'S `MOTION TO MODIFY' SUBMITTED UNDER CIV.R. 60 (B).
In order to clarify the issues now pending, it is necessary to review the prior appeal on prejudgment interest, Fairchild II.
In Fairchild II, appellee (appellant therein) assigned the following error for review:
 THE TRIAL COURT ERRED IN ITS AUGUST 22, 1995 JUDGMENT ENTRY BY FAILING TO PROPERLY COMPUTE PREJUDGMENT INTEREST AS SET FORTH IN O.R.C. 1343.03(C).
Under this assignment of error, appellee argued "the trial court assessed interest on the amount of Leader's policy — $50,000 — rather than the amount of the judgment — $600,000.00." See, Appellant's Brief in Fairchild II at 6. Appellee further argued the "August 22, 1995 Entry terminated the accrual of prejudgment interest as of July 22, 1992 — rather than providing for the continuing accrual of interest until such time as the judgment is paid." Id. at 7.
By opinion filed May 16, 1996, this court found this assignment of error to be well taken and instructed the trial court to rule on the Civ.R. 60 (B) motion. By judgment entry filed June 21, 1996, the trial court ruled on the motion and ordered as follows:
 ORDERED, ADJUDGED AND DECREED that judgment is entered against defendants Leader National Insurance Co., Marie V. Curtis and Delmer (sic) Litton in the amount of $371, 808.89 as of June 9, 1996, with interest continuing to accrue thereafter at the rate of 10% per annum on the unpaid amount of $864,642.02 (the unpaid portion of the January 25, 1995 damages judgment in the amount of $561,767.60, plus the accrued prejudgment interest as of August 22, 1995 in the amount of $302,874.42).
The trial court made this order based upon the following computations:
 1. 7/27/90 — 3/10/95: 10% per annum on the sum of $600,000.00. $277,479.45
 2. 3/10/95 — 8/22/95: 10% per annum on the sum of $561,767.60 ($600,000.00 less payment of escrowed funds in the amount of $38,232.40 = $561,767.00) 25,394.97
Subtotal: $302,874.42
 3. 8/23/95 — 6/9/96: 10% per annum on the sum of $864,642.02 ($561,767.60 plus accrued prejudgment interest of $302,874.42 = $864,642.02). 68,934.47
Interest accrued as of 6/9/96: $371,808.89
It is from this order that appellant now appeals. Consistent with our decision in Fairchild II, we find the issues raised by this entry to be subject to appellate review because we did not address the appropriateness of prejudgment interest against appellant for the entire $600,000 judgment nor the issue of postjudgment interest on the entire judgment. The case was remanded to the trial court to address the computation error in failing to access prejudgment interest against all parties required to pay (the tortfeasors) without comment on the appropriateness of the issues now presented.
 I
Appellant claims the trial court erred in computing the prejudgment interest award against it. Specifically, appellant claims the trial court erred in assessing prejudgment interest against it on the entire $600,000 judgment rather than it's $50,000 policy limits, assessing prejudgment interest on the wrongful death award from the date of decedent's injury rather than the date of his death, assessing prejudgment interest beyond July 22, 1992, the date appellant deposited its policy limits to the trial court, and assessing postjudgment interest against it on the entire $600,000 judgment plus prejudgment interest. We agree in part.
By judgment entry filed June 21, 1996, the trial court ordered prejudgment interest against appellant and the tortfeasors on the entire $600,000 judgment, irrespective of appellant's $50,000 policy limit. We find the order to be consistent with the plain meaning of R.C. 1343.03(C):
 (C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case. (Emphasis added.)
The tortfeasors and appellant are "the party[ies] required to pay the money" therefore, the trial court's assessment of prejudgment interest on the entire amount is correct. The trial court's starting point of July 27, 1990 is correct and consistent with the Supreme Court of Ohio's holding in Musisca v. MassillonCommunity Hospital (1994), 60 Ohio St.3d 673, 676:
 R.C. 1343.03(C) `was enacted to promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside a trial setting.' Kalain v. Smith (1986), 25 Ohio St.3d 157, 159, 25 OBR 201, 202, 495 N.E.2d 572, 574. See, also, Moskovitz, 69 Ohio St. 3d at 661, 635, N.E.2d at 349; Peyko v. Federick
(1986), 25 Ohio St.3d 164, 167, 25 OBR 207, 209, 495 N.E.2d 918, 921. In addition to promoting settlement, R.C. 1343.03(C), like any statute awarding interest, has the additional purpose of compensating a plaintiff for the defendant's use of money which rightfully belonged to the plaintiff. See West Virginia v. United States
(1987), 479 U.S. 305, 309-310, 107 S.Ct. 702, 706, 93 L.Ed.2d 639, 646, fn. 2. The statute requires that the interest award begins to run when the cause of action accrued because the accrual date is when the event giving rise to plaintiff's right to the wrongdoer's money occurred. To allow a trial court to equitably adjust the date the interest begins to run would ignore the compensatory purpose behind the statute.
Appellant argues the computation date should begin on January 10, 1991, the date of decedent's death. Appellant argues prejudgment interest on the personal injury judgment and the wrongful death judgment should be awarded separately. We disagree. The argument of the discovery date being the accrual date was advanced in Musisca and rejected in the court's syllabus. The date of the tortious conduct giving rise to the personal injury and wrongful death claims is the correct date for computing prejudgment interest.
Appellant argues the appropriate cut off date for computing prejudgment interest is July 22, 1992, the date appellant deposited its policy limits with the trial court. We disagree. The date of deposit was not the "date of verdict or decision in the action" pursuant to R.C. 1343.03(C), and appellant was not required to pay until the January 26 and January 27, 1995 judgments. Policy limits remaining on deposit were not disbursed until March 10, 1995.
Lastly, appellant argues it should not be obligated to pay postjudgment interest on the combined unpaid judgment and prejudgment interest amounts. We agree in part. Pursuant to R.C.1343.03(B), once appellant's obligation ($50,000) was paid to appellee, all interest on the judgment attributable to appellant stopped:
 (B) Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct, including but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid. (Emphasis added.)
To make appellant responsible at this stage for postjudgment interest on the unpaid judgment would force appellant into a position of being forever liable for interest on an amount it is not obligated to pay. As noted in Fairchild II, there is available to the tortfeasors a "bad faith claim" against appellant wherein another decision may render appellant responsible for the remainder of the damages award. Appellant is not obligated to pay any postjudgment interest on the unpaid judgment.
Assignment of Error I is granted in part.
 II
Appellant claims the trial court erred in granting the Civ.R. 60 (B) motion. We disagree.
In Fairchild II, this court specifically remanded the motion to the trial court to correct the computation of prejudgment interest.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed in part and reversed in part. Pursuant to App.R. 12 (B), this court enters the following judgment:
 1) Appellant and tortfeasors are obligated to pay prejudgment interest on $600,000 from July 27, 1990 to January 27, 1995 at the rate of 10% per annum.
 2) Appellant and tortfeasors are obligated to pay postjudgment interest on the prejudgment interest from January 28, 1995 until paid at a rate of 10% per annum.
 3) Tortfeasors are obligated to pay postjudgment interest on the unpaid balance of the $600,000 judgment from January 28, 1995 until paid at a rate of 10% per annum.
By Farmer, P.J. Hoffman, J. concurs.
Gwin, J. concurs in part and dissents in part.
Guernsey County, Case No. 96-33