DECISION.
Michael M. DiMario and Sharron M. DiMario appeal the judgment of the trial court denying their motion for prejudgment interest. The DiMarios assign as error (1) the trial court's failure to provide a meaningful hearing on the motion; (2) the trial court's denial of the motion; and (3) the trial court's use of "privileged" material in arriving at its judgment. We disagree and affirm the judgment of the trial court.
 In their first assignment of error, the DiMarios contend that the trial court failed to
provide a "meaningful" hearing on their motion for prejudgment interest. The record reveals that the trial court held a hearing in chambers on the motion and then continued the hearing on the record in the courtroom. The DiMarios' failure to raise an objection to the procedure used by the trial court at the time has resulted in a waiver of the issue for purposes of appeal. SeeGoldfuss v. Davidson (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099;LeFort v. Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121,512 N.E.2d 640. Exceptions to this rule may be allowed in cases of plain error. The Supreme Court of Ohio, however, has limited the application of the plain-error doctrine in civil cases:
 In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. [Citations omitted.]
Goldfuss, supra, at syllabus.
In this case, the trial court had before it the written motion and the reply memorandum of the parties. Furthermore, the parties were represented by counsel throughout the process. We hold that nothing in the procedure used by the trial court in this case rises to the level of plain error. Therefore, the first assignment of error is overruled.
In their second assignment of error, the DiMarios assert that the trial court erred in overruling their motion for prejudgment interest. The DiMarios contend that the trial court did not apply the proper legal standard in its consideration of the motion.
R.C. 1343.03(C)(1) provides for prejudgment interest in a civil action based on tortious conduct under the following circumstances:
 * * * upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
The Supreme Court of Ohio has noted that "the purpose of R.C.1343.03(C) is to encourage litigants to make a good faith effort to settle their case, thereby conserving legal resources and promoting judicial economy." Peyko v. Frederick (1986), 25 Ohio St.3d 164,495 N.E.2d 918. Furthermore, "the statute was enacted to promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside a trial setting." Kalain v. Smith (1986),25 Ohio St.3d 157, 495 N.E.2d 572.
The DiMarios correctly assert that, in prejudgment-interest determinations pursuant to R.C. 1343.03(C), the phrase "failed to make a good faith effort to settle" does not mean the same thing as bad faith. In fact, a party may have failed to make a good-faith effort to settle even when the party has not otherwise acted in bad faith. Kalain, supra. The DiMarios claim that the trial court incorrectly applied a "bad faith" standard in its review of their prejudgment-interest motion.
A party has not "failed to make a good faith effort to settle" under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good-faith monetary settlement offer or responded in good faith to an offer from the other party.Kalain, supra. The party seeking prejudgment interest bears a "heavy" burden in demonstrating that the other party failed to make a good-faith effort to settle the case. Moskovitz v. Mt.Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 635 N.E.2d 331.
The following colloquoy took place between counsel for the DiMarios and the trial court:
 [COUNSEL FOR DIMARIOS]: * * * I think the Supreme Court has laid out in Kalain that the parties failed [sic] to make a good faith effort to settle, fully cooperated in discovery, rationally evaluated their risk, and not attempting unnecessary delay, and made a good faith monetary settlement offer. That's our point. They have to do it all.
 THE COURT: I said they did. I said there was no bad faith. They did offer what I believe in the files indicate the case was worth.
After the recitation by counsel of the factors set forth inKalain regarding good faith in settlement efforts, the trial court found those factors had been met by Ms. Aras. While the trial court made reference to the lack of bad faith on Ms. Aras's part, the trial court also clearly indicated that, under theKalain factors, Ms. Aras had acted in good faith by making a fair offer to settle the case.
The decision as to whether a party's settlement efforts indicate good faith is committed to the sound discretion of the trial court. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,482 N.E.2d 1248. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id.
In this case, the DiMarios have failed to point to evidence in the record of Ms. Aras's failure to fully cooperate in the discovery proceedings. On the contrary, the record reveals that Ms. Aras stipulated to the authenticity of the Dimarios' medical records. The record further reveals that Ms. Aras rationally evaluated her risks and potential liability by stipulating, more than eight months before trial, her liability for the accident, leaving only the matter of damages for trial. The record is devoid of evidence of attempts by Ms. Aras to delay the proceedings.
Finally, the record supports the trial court's conclusion that Ms. Aras made a good-faith monetary settlement offer and responded in good faith to an offer from the DiMarios. The Dimarios' initial demand was $30,000. Ms. Aras responded at first with an offer of $6,000, later increasing her offer to $7,500. The DiMarios' counter-demand was $23,000. An arbitration panel awarded $16,555 to the DiMarios. Ms. Aras then increased her offer to $9,000. The DiMarios renewed their demand for $23,000, which Ms. Aras rejected. Ms. Aras appealed the arbitration award and bettered her position after trial. A jury returned a verdict for the DiMarios in the amount of $15,000, finding that the total medical expense directly and proximately caused by Ms. Aras was $2,205.
We hold that the trial court did not abuse its discretion in its conclusion that Ms. Aras had made good-faith efforts to settle this case, where that conclusion was supported by a record showing Ms. Aras's (1) cooperation in discovery, (2) rational evaluation of her potential liability, (3) lack of delay in the proceedings, and (4) good-faith monetary offers. Therefore, the DiMario's second assignment of error is overruled.
In their third assignment of error, the DiMarios contend that the trial court erred by using privileged material in arriving at its judgment overruling the DiMarios' motion for prejudgment interest. Initially, we note that the DiMarios' failure to raise an objection to the procedure used by the trial court at the time has resulted in a waiver of the issue for purposes of appeal. SeeGoldfuss v. Davidson, supra. Furthermore, without the transmission of the so-called privileged material to this court, the error complained of is not demonstrated in the record. Therefore, absent the demonstration of plain error, the third assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 Doan, P.J., and Sundermann, J., concur.
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.