GARRETT, Appellee,

v.

ST. ELIZABETH HEALTH CENTER, n.k.a.
H.M. Health Services et al., Appellants.

[Cite as *Garrett v. St. Elizabeth Health Ctr.* (2001), 142 Ohio App.3d 610.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 99 CA 254.

Decided May 7, 2001.

*Allen Schulman, Jr.,* for appellee.

*Marshall Buck,* for appellants.

VUKOVICH, Presiding Judge.

Defendants-appellants, St. Elizabeth Health Center and Phillip Hill, M.D., appeal the decision of the Mahoning County Common Pleas Court granting plaintiff-appellee Amy J. Garrett's motion for prejudgment interest. For the following reasons, the judgment of the trial court is affirmed.

When appellee was being treated at St. Elizabeth's for Crohn's disease, she developed tachycardia, a fast heart beat. Her cardiologist advised her to undergo a radio frequency catheter ablation procedure to correct the problem. Appellee was referred to Dr. Hill who was to perform an ablation of the "slow" pathway. While performing the procedure, Dr. Hill ablated the "fast" pathway rather than the slow pathway, causing damage to the AV node. This damage caused a slow heart beat, which required a pacemaker.

On January 24, 1997, appellee filed a complaint against St. Elizabeth's and Dr. Hill. Count I alleged that Dr. Hill negligently performed the ablation procedure. Count II alleged that the procedure was performed without informed consent as appellee was not fully informed of the risks involved. The trial was set for January 11, 1999.

On December 16, 1998, appellee filed a notice of specific demand seeking $900,000 in compensatory damages. Appellants did not make a counteroffer or otherwise respond. On the first day of trial, appellee offered to settle the case for $500,000. Appellants did not respond to this offer. The trial proceeded for seven days. On January 22, 1999, the jury returned a verdict for appellants on Count I and a verdict for appellee on Count II, the informed consent issue. Appellee was awarded $325,000.

Appellee filed a timely motion for prejudgment interest on January 27, 1999 and later filed a memorandum in support. Appellee alleged that appellants had failed to cooperate in discovery when they failed to produce appellee's entire medical records and a disk containing a recording of the ablation procedure. Appellee also argued that appellants failed to rationally assess their potential liability and failed to make a good faith effort to settle. Appellants opposed the motion. Various depositions and partial transcripts were submitted to the court. Oral arguments were heard on May 11, 1999.

On August 16, 1999, the court granted appellee's motion for prejudgment interest. The court agreed that appellants had failed to cooperate in discovery, failed to rationally evaluate the risks and potential liability and failed to make a good faith effort to settle or otherwise respond to appellee's good faith offer to settle. The court then set forth examples of appellants' failure to cooperate in discovery. Appellants filed timely notice of appeal.

Appellants' sole assignment of error contends:

■ "The trial court abused its discretion when it granted plaintiff-appellee Amy J. Garrett's motion for prejudgment interest."

Appellants argue that they did not fail to cooperate in discovery. They contest each finding of the trial court regarding this issue. Then, appellants argue that they did not fail to rationally assess the risks and potential liability. They claim that they were not required to make an offer as they possessed a good faith belief that they were not liable. Appellants argue that awarding prejudgment interest was an unconstitutional infringement on their right to try the case.

■ A major purpose of the prejudgment interest statute is to conserve legal resources and promote judicial economy by encouraging litigants to make good faith efforts to settle. *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 657–658, 635 N.E.2d 331, 347, citing *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 167, 25 OBR 207, 209, 495 N.E.2d 918, 921. Pursuant to the prejudgment interest statute, interest shall be computed from the day the cause of action accrued to the day the money is paid if, upon motion, the court determines at a hearing that the party required to pay failed to make a good faith effort to settle and the party to whom the money is owed did not fail to make a

good faith effort to settle. R.C. 1343.03(C). In other words, there are four statutory requirements for awarding prejudgment interest: (1) a timely motion, (2) a hearing, (3) a finding that the payor failed to make a good faith effort to settle, and (4) a finding that the payee did not fail to make a good faith effort to settle. *Moskovitz*, 69 Ohio St.3d at 658, 635 N.E.2d at 347. The third require-ment is the only one contested in the case at bar.

■ Because the statute uses the word "shall," if the party establishes the four requirements, the decision on prejudgment interest is not discretionary. *Id.* What is discretionary with the trial court is the determination of lack of good faith. *Id.* Therefore, we must determine whether the trial court abused its discretion when it determined that appellants failed to make a good faith effort to settle. *Id.*

■ A lack of a good faith effort to settle is not synonymous with bad faith. *Id.* at 659, 635 N.E.2d at 348. In *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572, the court stated that a party has not failed to make a good faith effort to settle if that party has (1) fully cooperated in discovery, (2) rationally evaluated his risks and potential liability, (3) not attempted to unneces-sarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer by the other party. *Id.* at 159, 25 OBR at 203, 495 N.E.2d at 574. The court noted that a party need not make a monetary settlement offer if that party has a good faith, objectively reasonable belief that he has no liability. *Id.* Since this decision, the Court has placed a caveat on the last sentence by stating that it should be strictly construed as to carry out the purposes of the statute. *Moskovitz*, 69 Ohio St.3d at 659, 635 N.E.2d at 348.

■ Contrary to appellants' assertions, the imposition of a requirement that the payor engage in a good faith effort to settle does not force a defendant to forgo the right of having a jury determine the issue of his liability. *Galayda v. Lake Hosp. Sys., Inc.* (1994), 71 Ohio St.3d 421, 427, 644 N.E.2d 298, 302–303 (reaffirming the holding in *Kalain* that R.C. 1343.03(C) does not infringe on a party's right to a jury trial and stating that prejudgment interest is compensatory rather than punitive). In the case at bar, the court found that appellants failed to make a good faith effort to settle due to the first, second and fourth factors cited in *Kalain*. Because we find that the trial court did not abuse its discretion in finding the second and fourth factors existed, we need not delve into the multitude of contested issues regarding discovery.

The deposition of the risk manager at St. Elizabeth's is an important aspect of the case for prejudgment interest. The risk manager was responsible for monitoring and settling lawsuits filed against St. Elizabeth who was self-insured

for the first $5 million. This risk manager testified that he had concluded that appellee's informed consent count was a "nonissue" because "she knew." He agreed that the hospital's brochure which was given to appellee states that the procedure is low risk with less than a one percent chance of serious problems. Yet, one of appellants' physicians opined that the complication rate for ablation of a slow pathway was actually two to three percent. In a letter, this physician also opined that the complication rate for ablating the "fast" or anteroseptal pathway is up to fifty percent.

Appellant responds that Dr. Hill was supposed to ablate the slow pathway, so he was only required to inform her of the risks associated with that ablation procedure. However, the letter written by appellants' physician stated that in cases such as this, it is difficult to establish which pathway requires ablation. He wrote that because the ablation of the slow pathway is less risky, that ablation should be performed first. He then said that the fast pathway could be ablated if ablation of the slow pathway was unsuccessful. Moreover, Dr. Hill in fact ablated the fast pathway rather than the slow. For these reasons, a reasonable person could determine that informed consent would require disclosure of the complication rates involved in ablating the fast pathway.

Moreover, the risk manager stated that whether appellee was informed of the risk that the procedure may result in a pacemaker was a matter of credibility. He admitted that the brochure did not mention pacemakers. However, he thought that the witnesses would believe the two doctors who would testify that appellee was informed of this risk. The risk manager admitted that appellee would be a sympathetic witness. At one point, he made a comment that he decided to go to trial rather than settling in order to "roll the dice." He also stated that the case was a "battle of the experts." These statements go towards the court's determination of whether appellants rationally evaluated the risks and potential liability.

As aforementioned, appellee's initial demand was $900,000. Appellee then offered to settle for $500,000, expressing a willingness to negotiate. Appellants did not respond to either figure. The risk manager testified that as the "potential downside," he valued the case between $300,000 and $500,000 if a jury found for appellee on either or both claims. He stated that he had determined that his absolute high point for settling the case was $100,000. He admitted that appellee made a good faith effort to settle. When asked why he failed to respond to the settlement offer, he admitted that appellee was coming "in the right direction" but that he was waiting for "more movement." However, the Supreme Court has held a plaintiff need not "negotiate against herself by unilaterally reducing her offer to settle." *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 34, 734 N.E.2d 782, 794.

The trial court had discretion to evaluate the injury, cause of action, potential damages, deposition testimony of the risk manager and the revelations during trial that may have disclosed the risks and liability known to appellants. Accordingly, we find that it was not unreasonable for the trial court to decide that appellants failed to rationally evaluate the risks and potential liability and then failed to make a good faith monetary offer, both resulting in a failure to make a good faith effort to settle the case.

For the foregoing reasons, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

GENE DONOFRIO and WAITE, JJ., concur.