DECISION AND JUDGMENT ENTRY
This case comes before the court on appeal from a judgment of the Lucas County Court of Common Pleas denying appellant's motion for prejudgment interest on a jury verdict. The following facts are relevant to this appeal.
Appellant, Jennie Samonides, sustained a neck injury when the car she was driving was struck by appellee, Joshua Goodrich, on December 26, 1996. Appellee was insured by Allstate Insurance Company ("Allstate").
Appellant underwent physical therapy from January 13, 1997, to March 10, 1997. Her medical expenses totaled approximately $3,400 at that time. Approximately three-and-one-half months later, following a train trip, appellant resumed physical therapy after noting pain in her neck and upper back. This resulted in an additional $1,200 in medical expenses.
Appellant made an initial settlement demand of $40,000. Allstate countered with a $5,000 settlement offer on September 23, 1998. Appellant rejected this offer and filed suit December 17, 1998. At a final settlement pretrial conference, Allstate offered $5,300 to settle the case, which appellant also rejected. The case went to trial March 27, 2000, and the jury awarded appellant $25,000 in damages. There was no dispute regarding Allstate's responsibility to indemnify appellee, and no issue of contributory negligence.
Appellant filed a motion for prejudgment interest on March 31, 2000. During the hearing on the motion, appellant presented the testimony of two retired claims representatives who described Allstate's offers as "unrealistic" and "ridiculous". They valued the claim at $12,000 to $18,000, stating they would have begun with an initial offer of between $8,000 and $12,000. During cross-examination, the representatives stated that they had not reviewed the trial transcript or appellant's doctor's deposition before rendering their opinion.
Allstate claims representative, Cathy Fouty, testified as to how she calculated the $5,000 and $5,300 offer amounts. She stated that she formed an opinion that the case was worth $5,000 after reviewing all medical bills and records, talking with an Allstate consultant, and using a computer program called Colossus. Fouty testified that based on doctor's notes, she felt appellant had fully recovered following the first round of physical therapy. Therefore, she did not include the second round of therapy in her calculations. Fouty stated that the three-and-one-half month gap between appellant's therapy sessions influenced her decision.
Phil Browarsky, appellant's attorney at trial, testified that appellant was prepared to reduce her initial settlement offer but did not because Allstate's attorney, Alan Dills, "* * * indicated quite clearly that the $5300 [sic] would not change, that his client was irretractable and that this case was to go to trial * * *." Browarsky stated that "[t]here were no further discussions because Mr. Dills indicated 5300 [sic] was his final offer and I felt as though to simply begin reducing our demand was futile. * * * He indicated * * * $5300 [sic] was his last offer and there would be no authority to go any higher."
Finding that there were no allegations that either party failed to cooperate in discovery or to unnecesarily delay the proceedings, the trial court focused on whether the parties rationally evaluated their risks and potential liability, and whether they made good faith settlement offers. Citing numerous cases that were more "egregious" than appellant's case, the court found that Allstate "rationally evaluated * * * risks and potential liability and made a good faith monetary settlement offer or responded in good faith to an offer from the plaintiff."
On September 22, 2000, appellant filed a motion for reconsideration, or in the alternative, for specific findings of fact and conclusions of law. The trial court did not rule on that motion. Appellant then filed a motion to remand with this court on December 8, 2000. This court denied that motion, finding that appellant was not entitled to findings of fact and conclusions of law because Civ.R. 52 does not require such findings for jury trials.
Appellant now appeals the trial court's ruling on her motion for prejudgment interest, setting forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "The trial court erroneously refused to grant plaintiff's Motion for Pre-judgment Interest.
"ASSIGNMENT OF ERROR NO. 2
 "The trial court erroneously determined that the standard for granting prejudgment interest is whether Allstate was guilty of bad faith or egregious conduct rather than whether Allstate made a good faith and determined effort to settle the plaintiff's claim.
"ASSIGNMENT OF ERROR NO. 3
 "The trial court erroneously considered matters not in evidence."
At the time the motion for prejudgment interest was filed in this case, R.C. 1343.03(C)(1) provided:
 "[I]nterest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the plaintiff gave the defendant written notice in person or by certified mail that the cause of action accrued until the date that the judgment, decree, or order for the payment of money is rendered or from the date the plaintiff filed a complaint to commence the civil action until the date that the judgment, decree, or order for the payment of the money is rendered, whichever time period is longer, if, upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
In order to award prejudgment interest, a trial court must find the party required to pay the judgment failed to make a good faith effort to settle the case, and the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case. Moskovitz v. Mt.Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 658. Regarding prejudgment interest, the Ohio Supreme Court developed a standard of good faith comprised of: 1) full cooperation in discovery proceedings, 2) rational evaluation of risks and potential liability, 3) no unnecessary delay of the proceedings, and 4) a good faith settlement offer or response in good faith to an offer from the other party. Id., quoting Kalain v. Smith
(1986), 25 Ohio St.3d 157, syllabus.
The party seeking prejudgment interest bears the burden of proof.Moskovitz, supra, at 659. The party must present persuasive evidence of an offer to settle that was reasonable when "considering such factors as the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle. Other factors * * * include responses — or lack thereof — and a demand substantiated by facts and figures." Id. A subjective claim of lack of good faith will usually not be sufficient. Id. "Even though the burden of a party seeking an award is heavy, the burden does not include the requirement that bad faith of the other party be shown * * * a party may have failed to make a good faith effort to settle even though he or she did not act in bad faith." Id.
The determination to award prejudgment interest rests within the trial court's sound discretion. Scioto Mem. Hosp. Assn., Inc. v. PriceWaterhouse (1996), 74 Ohio St.3d 474, 479. The trial court's finding on this issue will not be reversed absent a clear abuse of discretion.Kalain v. Smith, supra, at 159. The Ohio Supreme Court defines abuse of discretion as an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87.
In this case, we agree with the trial court that it appears both sides fully cooperated in discovery and did not attempt to unnecessarily delay trial. Therefore, the factors left to examine, pursuant to Kalain, were whether or not the parties rationally evaluated the risks and potential liability and based on that evaluation, made good faith offers to settle.
The evidence shows that appellant's initial demand of $40,000, though high, was reasonable, considering that it left room for a possible midway settlement of $20,000, close to what the claims representatives testified the case was worth. Given the reasonableness of her demand, and the fact that Allstate effectively halted negotiations at $5,300, appellant was not obligated to negotiate against herself by reducing her offer to settle. See Galayda v. Lake Hosp. Sys., Inc. (1994), 71 Ohio St.3d 421,429. Thus, we find that appellant did not fail to make a good faith offer to settle.
 "The purpose of R.C. 1343.03(C) is to encourage litigants to make a good faith effort to settle their case, thereby conserving legal resources and promoting judicial economy." Peyko v. Frederick (1986), 25 Ohio St.3d 164, 167.
While it appears that Fouty utilized some sort of evaluative process to arrive at the initial settlement figure of $5,000, since Allstate did not exercise good faith in the negotiation process, Allstate must pay prejudgment interest pursuant to R.C. 1343.03. The trial court's failure to award prejudgment interest to appellant constituted an abuse of discretion. Therefore, we find appellant's first assignment of error well-taken.
We note that both sides discussed in their briefs the issues of whether or not there was a prescription for appellant's second round of physical therapy, whether or not the therapy was causally related to the original accident, and the timing of evidence presented linking that therapy to the original accident. However, the difference in appellant's total medical expenses, whether calculated based on the first round of physical therapy only, or both rounds, is not an amount that would significantly alter the settlement offers. Thus, we have not included a discussion of those issues here.
In appellant's second assignment of error, she claims that the trial court erred in applying a bad faith or "egregious conduct" standard, rather than determining whether or not Allstate made a good faith effort to settle. We agree. The trial court began the analysis in its opinion and judgment entry by stating, "A review of the case law reveals that defendant's actions in evaluating plaintiff's claim and in making the two settlement offers were not the egregious resistance to settlement evident in some cases." The court then went on to review cases in which defendants' conduct was arguably more egregious than Allstate's conduct in the case at bar.
"[T]he key is whether there was an `honest effort to settle the case', not whether there was bad faith, malice, design to defraud, etc."Blakely v. Lucal (March 3, 2000), Erie App. No. E-99-031, unreported, quoting Kalain, supra. Therefore, the trial court should have focused on whether or not Allstate exercised good faith, not the presence or absence of bad faith. Its failure to do this was an abuse of discretion. We therefore find appellant's second assignment of error well-taken.
Pursuant to our disposition of the first and second assignments of error, appellant's remaining assignment of error is rendered moot.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, P.J. CONCUR.
Richard W. Knepper, J., Concurs in Judgment only.