OPINION
{¶ 1} Plaintiff-appellant Casey Murray appeals the December 26, 2002 Judgment Entry of the Stark County Court of Common Pleas which granted defendant-appellee Grange Mutual Casualty Company's Motion for Summary Judgment, effectively dismissing appellant's complaint.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 15, 2001, appellant entered into a settlement agreement with appellee. Pursuant to the agreement, appellee paid appellant $4,637.30 to release all her claims against appellee and appellee's insured, Hubert Griffith, arising out of a motor vehicle accident. Appellant received the settlement check from appellee on February 19, 2001. The check did not include any interest.
 {¶ 3} Appellant filed her complaint against appellee on June 17, 2002, for prejudgment and post-judgment interest. Subsequently, appellant filed a motion for class certification.
 {¶ 4} Both parties filed motions for summary judgment. Appellee's motion raised two arguments: 1) appellant's claims were barred by the doctrine of res judicata; and 2) the release appellant signed released her claims for post-judgment interest. The trial court granted appellee's Motion for Summary Judgment on December 26, 2002, based upon the authority of Peyko v. Frederick (1986), 25 Ohio St.3d 164, and R.C.3929.06. It is from this judgment entry appellant prosecutes her appeal, assigning as error:
 {¶ 5} "I. The trial court erred by granting defendant's motion for summary judgment."
 I. {¶ 6} In her sole assignment of error, appellant challenges the trial court's judgment on two separate grounds. First, appellant asserts the trial court erred in granting summary judgment on an issue never raised by appellee. Second, appellant argues the trial court erroneously applied the "direct action" rule to her claim against appellee for post-judgment interest.
 {¶ 7} As to her first ground, it is undisputed appellee's motion for summary judgment did not raise or rely upon Peyko or R.C. 3929.06. A party seeking summary judgment must disclose the basis for the motion and support the motion with evidence. Mitseff v. Wheeler (1988),38 Ohio St.3d 112. A trial court is not permitted to base its decision to grant summary judgment upon an argument which was not asserted in the summary judgment motion. Battin v. Trumbull County 11th App. No. 2000-T-0091, 2002-Ohio-5162. Accord: Butler v. Harper, 9th Summit App. No. 21051, 2002-Ohio-5029; and Hollinghead v. Bey (Jul. 21, 2000), 6th App. No. L-99-1351, unreported. Appellee concedes the trial court should not have relied upon Peyko and R.C. 3926.06 in granting its motion for summary judgment. Appellee's Brief at 5.
 {¶ 8} Nevertheless, appellee asserts the trial court's judgment should be affirmed on the basis the grounds it did raise it its motion support the trial court's decision. Appellee cites the legal maxim appellate court review judgments, not reasons. Appellee cites case law holding a trial court's judgment must be sustained if the judgment is correct, even though the grounds upon which it relied were wholly erroneous. However, we believe such rule does not apply to summary judgment proceedings.
 {¶ 9} Generally, appellate courts do not address issues that were not addressed by the trial court. Bowen v. Kil-Kare Inc. (1992),63 Ohio St.3d 84. Where a trial court declines to consider one argument raised in a motion for summary judgment but grants the motion on the basis of a second argument, the first argument is not properly before the court of appeals. Ratliff v. Board of Governors of Marion GeneralHospital (Jul. 11, 1979), Marion App. No. 9-79-6, unreported. When the trial court does not grant summary judgment on the issues raised, the reviewing court has no occasion to pass upon the merits of those additional reasons. Browning v. Navastar (Jul. 24, 1990), Franklin App. No. 89AP-1081, unreported. Accordingly, we decline to address the merits of appellee's arguments or the second ground of appellant's assignment of error relative to the applicability of the "direct action" rule until the trial court has had an opportunity to do so.
 {¶ 10} Appellant's assignment of error is sustained.
 {¶ 11} The judgment of the Stark County Court of Common Pleas is reversed.
By: Hoffman, J., Gwin, P.J. and Edwards, J. concur.