ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant James Rose ("appellant") appeals from the decision of the Cuyahoga County Court of Common Pleas, which awarded prejudgment interest in favor of plaintiff-appellees Nicholas Scipione and Carmel Scipione ("appellees"). Finding no error in the proceeding below, we affirm.
 {¶ 3} This appeal arises out of a motor vehicle accident that occurred on June 10, 2000. Appellant admitted liability for the accident; however, he disputed that he was the proximate cause of the injuries and he disputed the extent of the damages. These issues were submitted to a jury, which returned a verdict in favor of appellees and awarded them $9,900.
 {¶ 4} Appellees filed a timely motion for prejudgment interest pursuant to R.C. 1343.03(C). The trial court held a hearing on the motion on June 29, 2004, and found that appellant had failed to make a good faith effort to settle the case. The trial court granted appellees' motion for prejudgment interest at the rate of 10 percent per annum on the amount of the jury verdict from the date the cause of action accrued, June 10, 2000, to the date on which the judgment was paid, May 5, 2004.
 {¶ 5} Appellant timely appeals, advancing one assignment of error for our review.[1] The sole assignment of error reads as follows:
 {¶ 6} "The trial court erred when it awarded prejudgment interest under the Ohio Revised Code Section 1343.03(C) under the facts and circumstances of this case."
 {¶ 7} R.C. 1343.03(C) states:
"If, upon motion of any party to a civil action that is based ontortious conduct, that has not been settled by agreement of the parties,and in which the court has rendered a judgment, decree, or order for thepayment of money, the court determines at a hearing held subsequent to theverdict or decision in the action that the party required to pay themoney failed to make a good faith effort to settle the case and that theparty to whom the money is to be paid did not fail to make a good faitheffort to settle the case, interest on the judgment, decree, or ordershall be computed as follows * * *."
 {¶ 8} If a party meets the four requirements of the statute, the decision to allow or not to allow prejudgment interest is not discretionary; rather the trial court's determination of lack of good faith is discretionary. Moskovits v. Mt. Sinai Medical Center (1994),69 Ohio St.3d 638. Therefore, the standard of review on appeal is whether the trial court abused its discretion when it determined that appellant failed to make a good faith effort to settle this case. Id.
 {¶ 9} In Kalain v. Smith (1986), 25 Ohio St.3d 157, at the syllabus, the Supreme Court of Ohio stated, "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."
 {¶ 10} "[T]he purpose of R.C. 1343.03(C) is to encourage litigants to make a good faith effort to settle their case, thereby conserving legal resources and promoting judicial economy." Moskovits, 69 Ohio St.3d at 658, quoting Peyko v. Frederick (1986), 25 Ohio St.3d 164, 167. The party seeking prejudgment interest bears the burden of demonstrating that the other party failed to make a good faith effort to settle the case. Id. at 659.
 {¶ 11} When determining whether a party's efforts were reasonable, the trial court is not limited to the evidence presented at the prejudgment interest hearing. Galvez v. Thomas McCafferty Health Center, Cuyahoga App. No. 80260, 2002-Ohio-2719. The court may review the evidence presented at trial, as well as its prior rulings and jury instructions, especially when considering such factors as the type of case, the injuries involved, the applicable law, and the available defenses. Id.
 {¶ 12} Here, the record reveals that the Allstate claims adjuster made two offers to settle this case.[2] His final offer was $2,834, made a year before the trial, admittedly giving no credit for medical bills for physical therapy and reducing the amount considered for the doctor's charges. Furthermore, the claims adjuster admitted that he did not expect to settle the case at mediation or thereafter with this offer. The claims adjuster based his decision on his prior experience and did not submit the claim to the company's evaluation committee or "Colossus," the company's computer program that evaluates claims. The amount offered did not cover special medical bills or lost wages. Furthermore, the claims adjuster did not rely on a medical report from the company's expert because it did not have one until shortly before trial.
 {¶ 13} At the hearing, the trial court reiterated its observation, originally stated at the settlement conference, that the offer lacked coverage for medical expenses and pain and suffering. In addition, the trial court stated that the failure on appellant's part to have a defense medical report, until just before trial, indicated that his offers were not made in good faith. Lastly, the trial court explained that when deciding on a settlement offer for a back injury, the offer should have included the physical therapy expenses. The court further noted that the jury verdict was more than three times the offer made by the appellant.
 {¶ 14} We must affirm if there is evidence in the record that supports the trial court's decision. Galvez, citing Bisler v. Del Vecchio (July 1, 1999), Cuyahoga App. No. 74300. The trial court's conclusion that appellant failed to make a good faith effort to settle the case was supported by competent, credible evidence. As a result we cannot conclude that the trial court abused its discretion when it awarded prejudgment interest.
 {¶ 15} Moreover, we are unpersuaded by appellant's argument that appellees' demand of $22,500 was unreasonable in view of the jury verdict and that appellees' efforts to settle were minimal at best. First, this court notes that the trial court is in the best position to evaluate the evidence both at the underlying trial and at the motion hearing. Second, this court stated in Black v. Bell (1984), 20 Ohio App.3d 84, 88, "The statute [R.C. 1343.03(C)] affords no remedy, nor does it deny a remedy, because one or both parties predict or fail to predict the ultimate verdict accurately. If the legislature intended to allow prejudgment interest whenever the verdict exceeded or approximated the plaintiff's settlement offer, the statute would so state. At most, the proximity of one party's settlement offer to the ultimate verdict is conceivably some circumstantial evidence of the reasonableness of that party's evaluation. It falls far short of demonstrating that such party made a good faith effort to settle or that the adverse party failed to do so. * * * Fortuitous foresight does not demonstrate good faith settlement efforts. Nor does poor predictive ability necessarily establish a failure to make such efforts." Id. It is clear from the record that there was competent and credible evidence supporting the trial court's decision that appellant failed to make a good faith effort to settle the case and that appellees made a good faith effort. Therefore, we find that the trial court did not abuse its discretion when it granted the motion for prejudgment interest.
 {¶ 16} Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., And Calabrese, Jr., J., Concur.
[1] Appellant's second assignment of error was resolved by agreement of the parties at the prehearing conference of this court.
[2] The record reveals that the $5,000 offer made at the trial table, referenced in the briefs and at the prejudgment hearing, was not made by the Allstate adjuster or approved by the adjuster.