BELLMAN, APPELLANT, *v.* AMERICAN INTERNATIONAL GROUP ET AL., APPELLEES.

[Cite as *Bellman v. Am. Internatl. Group,*
113 Ohio St.3d 323, 2007-Ohio-2071.]

(No. 2005–2162—Submitted December 12, 2006—Decided May 16, 2007.)

O'DONNELL, J.

{¶ 1} On June 19, 2002, Kevin Bellman, together with 23 other claimants, filed a class action lawsuit against 21 insurance carriers alleging that each had engaged in a regular practice of delaying payments on case settlements in an effort to derive financial benefit from the "float" on the settlement funds. " 'Float' refers to the artificial balance created due to delays in processing credits and debits to an account." *In re Cannon* (C.A.6, 2002), 277 F.3d 838, 843, fn. 1. Although the record establishes that the claims presented here emanated from different causes of action including torts arising from motor vehicle accidents, in each case, the claimant and the tortfeasor or the tortfeasor's insurance carrier negotiated a settlement. However, according to the complaint, the insurance carriers did not issue settlement checks at that time; instead, the carriers issued settlement drafts and settlement agreements at a later time. This period between the time of the oral agreement to settle the case and the payment date represents the "float." The complaint contained a prayer for relief seeking class action certification and a judgment entitling the claimants to postsettlement interest from the date of the oral settlements in accordance with R.C. 1343.03(A).

{¶ 2} Although the record reflects that the claimants filed motions to certify the class, the trial court never certified a class, but rather, ordered the clerk of courts to assign a separate case number to each claimant and each cause of action presented in the proposed class action complaint, and further ordered that each individual case contain the name of a single claimant and a corresponding insurance carrier. The court then set a deadline for each claimant to refile an

individual complaint and for the carriers to file answers. The court reserved judgment on the issue of class certification.

{¶ 3} Upon refiling of the separate complaints, the court consolidated them for disposition. The carriers individually moved for summary judgment, contending, inter alia, that the claimants named the insurance carrier instead of the tortfeasor as a party, that res judicata precluded some of the claims, and that the parol-evidence rule barred the admission of an oral statement to contradict a later written agreement. The claimants maintained that because the written agreements did not contain integration clauses, the parol-evidence rule did not preclude admission of evidence of the prior oral negotiations. They also urged that res judicata did not apply and that an insurance carrier would be a proper party because it wrongfully delayed payment of the claims. After consideration, the trial court granted summary judgment in favor of the carriers and denied the motions for class certification.

{¶ 4} Eight claimants appealed that determination to the Lucas County Court of Appeals, which affirmed the trial court's judgment, holding that the written releases signed in the respective cases constituted integrated writings barring admission of parol evidence to contradict those writings, and further holding that a tortfeasor is the proper party in an action for postsettlement interest.

{¶ 5} The appellate court's opinion reflects that of all the original claimants, all but eight did not settle with their respective carriers during the trial and appellate proceedings. Kevin Bellman, individually and on behalf of all others similarly situated, filed this appeal, and we accepted jurisdiction on two issues: (1) whether parol evidence is admissible to establish a settlement date for purposes of calculating postsettlement interest different from the date specified in a written settlement agreement and (2) identification of the proper defendant in a claim for postsettlement interest.

### The Parol–Evidence Rule and Contract Integration

{¶ 6} The first issue for our consideration concerns whether parol evidence is admissible to contradict a settlement date contained in a written settlement agreement. Bellman urges that because the written releases do not contain an integration clause, the date of the prior oral agreements is the date of settlement for purposes of calculating postsettlement interest. The carriers, citing *Layne v. Progressive Preferred Ins. Co.*, 104 Ohio St.3d 509, 2004-Ohio-6597, 820 N.E.2d 867, contend that the executed written releases in each case compose the entire agreement between the parties and bar the use of parol evidence to contradict a later written agreement.

{¶ 7} The parol-evidence rule is a principle of common law providing that "a writing intended by the parties to be a final embodiment of their agreement

cannot be modified by evidence of earlier or contemporaneous agreements that might add to, vary, or contradict the writing." Black's Law Dictionary (8th Ed.2004) 1149; see, also, *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 26, 734 N.E.2d 782, quoting 11 Williston on Contracts (4th Ed.1999) 569–570, Section 33:4. The rule "operates to prevent a party from introducing extrinsic evidence of negotiations that occurred before or while the agreement was being reduced to its final written form," Black's Law Dictionary at 1149; see, also, *Ed Schory & Sons, Inc. v. Francis* (1996), 75 Ohio St.3d 433, 440, 662 N.E.2d 1074, and it "assumes that the formal writing reflects the parties' minds at a point of maximum resolution and, hence, that duties and restrictions that do not appear in the written document * * * were not intended by the parties to survive." Black's Law Dictionary at 1150.

{¶ 8} We considered a similar issue in *Layne,* where the Progressive Insurance Company and Allen Layne reached an oral agreement to settle their lawsuit during a pretrial conference. 104 Ohio St.3d 509, 2004-Ohio-6597, 820 N.E.2d 867. Progressive sent Layne a settlement check and a written settlement agreement containing a release one week after the pretrial settlement, which Layne signed and returned. The agreement contained an integration clause and indicated that "this release contains the entire agreement between the parties hereto." In that case Layne argued, as Bellman does here, that the date of the oral agreement served as the date from which to accrue interest for purposes of postsettlement interest calculation. We rejected that argument because the written settlement agreement in *Layne* referenced only one date on the release. Id. at ¶ 11. The settlement agreement did not reference any oral agreement, contained no ambiguity, and could not therefore be contradicted by evidence of a prior agreement. Id.

{¶ 9} In *Layne,* we also pointed out that the parties are responsible to negotiate and incorporate into a written agreement the dates of settlement. We stated that "the parties to an oral agreement such as this one must be responsible for ensuring that the date of settlement, and the due and payable date, if different, are negotiated and agreed upon." Id. at ¶ 13.

{¶ 10} While *Layne* is similar to the instant case, Bellman argues that it is distinguishable, because, unlike in *Layne,* the releases in the cases before us do not contain integration clauses. This, however, is a distinction without a difference, because the written settlement agreements here purport to be complete documents, and because there is no ambiguity with regard to the date stated in them.

{¶ 11} A contract that appears to be a complete and unambiguous statement of the parties' contractual intent is presumed to be an integrated writing. *Galmish,* 90 Ohio St.3d at 27, 734 N.E.2d 782; see, e.g., *Fontbank, Inc. v. CompuServe,*

*Inc.* (2000), 138 Ohio App.3d 801, 808, 742 N.E.2d 674. Whether a contract is integrated, therefore, is not dependent upon the existence of an integration clause to that effect, and "[t]he presence of an integration clause makes the final written agreement no more integrated than does the act of embodying the complete terms into the writing." *Galmish,* 90 Ohio St.3d at 28, 734 N.E.2d 782. Therefore, the absence of an integration clause does not preclude a finding that all or part of a contract is, in fact, an integrated writing, and we need not consider whether the parties entered into an agreement to agree with respect to their prior oral settlement negotiations or whether those prior oral agreements constituted separate contracts.

{¶ 12} In reviewing the signed releases executed here, we recognize that none of the parties could have followed our direction and counsel in *Layne* with respect to negotiating the date for payment of postsettlement interest and incorporating it into any final settlement agreement, because negotiations had been completed several years before we announced our decision in *Layne.*

{¶ 13} In forecasting that cases like this one would be forthcoming, however, Justice Pfeifer wrote in his concurring opinion in *Layne* about the need for a "permanent, workable rule" that would "recognize the role of settlements in the administration of justice, allow for the practical realities of paperwork, and encourage cases to be settled and debts paid in an orderly manner." *Layne,* 104 Ohio St.3d 509, 2004-Ohio-6597, 820 N.E.2d 867, ¶ 16 (Pfeifer, J., concurring).

{¶ 14} Today we adopt such a rule. The date of a written settlement agreement becomes the date from which postsettlement interest accrues, unless the parties to such a settlement agreement negotiate a different due and payable date and incorporate that into the written settlement agreement. When an agreement fails to incorporate a separate due and payable date, the parol-evidence rule assumes that the formal written agreement embodies all of the terms of the agreement between the parties and therefore precludes extrinsic evidence to vary or contradict its terms. Thus, unless otherwise specified, a claimant is entitled to postsettlement interest from the date of settlement agreement until the date of payment. Those who delay in forwarding settlement drafts incur postsettlement interest from the date of the agreement unless a different due and payable date is specified in the settlement agreement.

### Identification of the Proper Party for Postsettlement Interest

{¶ 15} Bellman contends that the insurance carriers are the proper parties in a claim filed in accordance with R.C. 1343.03(A) because the carrier negotiated and settled the claim on behalf of the tortfeasor.

{¶ 16} The carriers, on the other hand, maintain that the tortfeasor is the proper party despite the carriers' involvement in the settlement.

{¶ 17} In *Hartmann v. Duffey*, 95 Ohio St.3d 456, 2002-Ohio-2486, 768 N.E.2d 1170, syllabus, we held that "a plaintiff who enters into a settlement agreement that has not been reduced to judgment is entitled to interest on the settlement, which becomes due and payable on the date of settlement." *Hartmann*, however, does not specify the party against whom a motion for postsettlement interest may be pursued.

{¶ 18} In that regard, R.C. 1343.03(A) provides that "when money becomes due and payable * * * upon any settlement *between parties,* * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code." (Emphasis added.) As the insurance carriers are not parties to the underlying suit, they are not proper respondents in a motion for postsettlement interest.

{¶ 19} We confronted a related issue in *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 25 OBR 207, 495 N.E.2d 918, which involved prejudgment interest pursuant to R.C. 1343.03(C). In that case, we stated that "the defendant, individually, is ultimately responsible for payment of a judgment rendered against her and for payment of any prejudgment interest thereon * * *." Id. at 166, 25 OBR 207, 495 N.E.2d 918. And in *Lovewell v. Physicians Ins. Co. of Ohio* (1997), 79 Ohio St.3d 143, 145, 679 N.E.2d 1119, we again stated, "In the absence of statutory mandate or contractual agreement, the liability for a prejudgment interest award must fall upon the *named party.*" (Emphasis added.)

{¶ 20} Thus, based upon our review of R.C. 1343.03(A) and other relevant authority, a claim for postsettlement interest is properly brought as a postdecree motion against the tortfeasor and properly filed in the underlying action.

{¶ 21} For the foregoing reasons, the judgment of the Sixth District Court of Appeals is affirmed.

Judgment affirmed.

MOYER, C.J., WALSH, LUNDBERG STRATTON, O'CONNOR and WISE, JJ., concur.

PFEIFER, J., concurs in judgment only.

JAMES E. WALSH, J., of the Twelfth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

JOHN W. WISE, J., of the Fifth Appellate District, was assigned to sit for LANZINGER, J.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

329

Dworken & Bernstein Co., L.P.A., Patrick J. Perotti, and Melvyn E. Resnick; and E.J. Leizerman & Associates, L.L.C., and Michael Jay Leizerman, for appellant.

Sonnenschein, Nath & Rosenthal and Alan S. Gilbert, for appellee Allstate Insurance Company.

Baker & Hostetler, L.L.P., Ernest E. Vargo, Ronald S. Okada, and Brett A. Wall, for appellee Progressive Insurance Company.

Baker & Hostetler, L.L.P., Mark A. Johnson, and Roger L. Eckleberry, for appellee State Farm Mutual Automobile Insurance Company.

Hanna, Campbell & Powell, L.L.P., Frank G. Mazgaj, and Robert L. Tucker, for appellee Grange Mutual Casualty Company.

Porter, Wright, Morris & Arthur, L.L.P., Charles W. Zepp, and Daniel F. Gourash, for appellee Great Northern Insurance Company.

Ritter, Robinson, McCready & James and Shannon J. George, for appellee Safe Auto Insurance Company.

Zeiger, Tigges, Little & Lindsmith, L.L.P., John W. Zeiger, Steven W. Tigges, and Stuart G. Parsell, for appellee State Automobile Mutual Insurance Company.

Roetzel & Andress, Laura M. Faust, Jennifer Souza, and Bradley A. Wright, for appellee Leader Insurance Company.