OPINION
{¶ 1} The defendant-appellant, Dorothy Dravenstott, appeals the judgment of the Crawford County Common Pleas Court requiring her to pay prejudgment interest on a jury verdict awarding damages of $1,834,522.60 to the plaintiffs-appellees, Michael Conway and Donald Heydinger, co-administrators of the estate of Jana L. Conway. *Page 3 
 {¶ 2} On June 30, 2004, Jana was a passenger in a Dodge Intrepid driven by her uncle, Larry Heydinger. Other passengers in the car included Sharon Heydinger, Larry's wife and Jana's aunt; Michael C. Conway, Jana's husband; and Evan Conway, Jana and Michael's minor child. Larry was operating his vehicle westbound on U.S. Route 224. At the same time, Dorothy was operating a 2002 Chevrolet 3/4 ton pick-up truck eastbound on U.S. Route 224. Harold Dravenstott, Dorothy's husband, owned the truck and was a passenger in it. Near the border of Medina County, Ohio and Ashland County, Ohio, Dorothy negligently drove the truck across the center line of the road and hit Larry's car head-on. Everybody in Larry's car was injured; however, Jana's, Michael's, and Sharon's injuries were fatal.
 {¶ 3} On November 5, 2003, the administrators filed a nine-count complaint against Dorothy, Harold, United Ohio Insurance Company ("United Ohio"), West American Insurance Company ("West American"), and Mansfield Brass Aluminum Co. ("Mansfield Brass"). The complaint stated a wrongful death claim, a survival action, a claim for negligent entrustment, four claims for uninsured/underinsured motorist insurance coverage ("UM/UIM"), and a claim for punitive damages. Eventually, the case proceeded to jury trial. By the time of trial, Dorothy was the sole remaining defendant and admitted liability. On January 31 and February 1, 2006, the court held a jury trial on the issue of damages, and *Page 4 
the jury returned a verdict of $1,834,522.60 against Dorothy. The trial court filed its judgment entry in conformity with the verdict on February 3, 2006.
 {¶ 4} The plaintiffs filed a timely motion for prejudgment interest against Dorothy pursuant to R.C. 1343.03(C), and the defendants appealed the jury verdict, which we affirmed in Conway v. Dravenstott, 3d Dist. No. 3-06-05, 2006-Ohio-4840. The plaintiffs then filed a supplemental complaint against Allstate Insurance Company, as Dravenstott's insurer, pursuant to R.C. 3929.06. The supplemental complaint also requested prejudgment and post judgment interest from Allstate.
 {¶ 5} The trial court held an evidentiary hearing on Plaintiffs' motion on November 27, 2006. Following the hearing, the trial court allowed the parties to file post-hearing briefs. The trial court subsequently rendered judgment in Plaintiffs' favor on January 4, 2007. In its judgment entry, the court determined that Dravenstott had a personal net worth exceeding $700,000 at the time of the collision; that Dravenstott knew that the damages from the collision "greatly exceeded" the limits of her insurance policy; that Dravenstott knowingly disposed of or concealed assets to avoid paying damages; and that Dravenstott failed to make a reasonable settlement offer to the plaintiffs. The Plaintiffs filed a praecipe for a certificate of judgment based only on the award of prejudgment interest, and the Clerk of Court filed the certificate of judgment. On January 16, 2007, the *Page 5 
plaintiffs dismissed the supplemental complaint against Allstate. Dravenstott filed an objection to the certificate of judgment and immediately filed her notice of appeal, asserting two assignments of error for our review.
 First Assignment of Error It was error for the trial court to award prejudgment interest where the conduct of both parties during settlement negotiations was so similar that there was no reasonable basis for determining that one party failed to make a good faith effort to settle the case and the other party did not.
 Second Assignment of Error If it is held that the trial court was not in error in granting the Plaintiff/Appellees' motion for prejudgment interest, the trial court erred in failing to provide a specific amount of interest to which Plaintiff/Appellees would be entitled.[1]
Allstate also filed a notice of appeal, asserting three assignments of error:
 First Assignment of Error The trial court erred in granting plaintiffs' motion for prejudgment interest.
 Second Assignment of Error The trial court erred in adopting plaintiffs' calculation of prejudgment interest, in the amount of $828,787.40.
 Third Assignment of Error *Page 6 The trial court erred in not giving Allstate notice and an opportunity to be heard as to the calculation of prejudgment interest.
 {¶ 6} As an initial matter, we note that Allstate is not a proper appellant in this matter. App.R. 4(A) allows a "party" to file a notice of appeal. The trial court entered judgment on January 4, 2007 against Dravenstott only, and the plaintiffs subsequently dismissed without prejudice their entire supplemental complaint against Allstate, which was the only way Allstate had been brought into this litigation. As a result, there were no proceedings pending against Allstate in the trial court, and Allstate had not filed any pleadings on its own behalf. Furthermore, the Ohio Supreme Court has held that under R.C. 1343.03(C), the individual defendant, as a party to the case, is responsible for the payment of prejudgment interest. Bellman v. Am. Internatl. Group,113 Ohio St. 3d 323, 2007-Ohio-2071, 865 N.E.2d 853, at ¶ 19, quotingPeyko v. Frederick (1986), 25 Ohio St.3d 164, 166, 495 N.E.2d 918; citing Lovewell v. Physicians Ins. Co. of Ohio, 79 Ohio St.3d 143, 145,1997-Ohio-175, 679 N.E.2d 1119. In Peyko, the court noted that the defendant's insurer may be liable to the defendant for the payment of prejudgment interest if its conduct was the basis for the award.Peyko, at 167, fn. 1, citations omitted. Therefore, there has been no final appealable order *Page 7 
rendered against Allstate from which it can appeal, and all claims against it were dismissed. Allstate's appeal is dismissed.[2]
 {¶ 7} In her brief, Dravenstott contends the trial court erred when it determined that she failed to act in good faith and that the Plaintiffs had not failed to act in good faith. One of the factors the court must evaluate in determining the presence or absence of good faith is the parties' cooperation during discovery. Dravenstott admits that she did not fully cooperate, but she argues that the plaintiffs did not fully cooperate either as she was required to file a motion to compel to obtain discovery from them. Therefore, Dravenstott contends that the good faith determination as to each party must be the same since they both engaged in similar behavior, and an award of prejudgment interest would not be allowed with such a finding.
 {¶ 8} Another factor the court must consider is a good faith settlement offer and the other party's good faith response to a settlement offer. Again, Dravenstott alleges that both parties must be treated equally. Dravenstott argues that Allstate offered policy limits of $100,000 in exchange for a full release of its insured, and she personally offered to put $75,000 into an annuity, which would have a lifetime payout of $715,000. Dravenstott alleges that Plaintiffs refused to *Page 8 
accept Allstate's policy limits because they did not want to release the insured, and they refused to settle for less than $1,000,000 even though it would have been "impossible" for her to satisfy the demand.
 {¶ 9} R.C. 1343.03(C) "permits an injured party, in certain circumstances, to recover interest in a tort action from the date the cause of action accrues." Moskovitz v. Mt. Sinai Med. Ctr.,69 Ohio St.3d 638, 657, 1994-Ohio-324, 635 N.E.2d 331. The statute provides:
 Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
R.C. 1343.03(C).[3] The prejudgment interest statute was intended to "promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith *Page 9 
efforts to settle controversies outside a trial setting." Kalain v.Smith (1986), 25 Ohio St. 3d 157, 159, 495 N.E.2d 572.
 {¶ 10} For a party to recover prejudgment interest, four elements must be met. First, the party must file a motion in the trial court no later than 14 days after the entry of judgment. Moskovitz, at 658, citingCotterman v. Cleveland Elec. Illum. Co. (1987), 34 Ohio St.3d 48,517 N.E.2d 536, paragraph one of the syllabus. In this case, Plaintiffs' motion was timely filed. Second, "the trial court must hold a hearing on the motion." Id. The hearing on Plaintiffs' motion was held on November 27, 2006. Third, "the court must find that the party required to pay the judgment failed to make a good faith effort to settle, and fourth, the court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case." Id., citing R.C. 1343.03(C).
 {¶ 11} If each of the four elements are satisfied, the trial court shall enter judgment on behalf of the moving party. Id. However, the trial court has broad discretion in determining whether either party made a good faith effort to settle. Id. In making its determination, the trial court should consider if a party has:
 (1) fully cooperated in the discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. *Page 10 
Kalain, at 159. The Supreme Court has also noted that a lack of good faith is different than evidence of bad faith, and therefore, trial courts should consider the above mentioned factors. Id. at 159, f.n. 1.
 {¶ 12} Since the trial court has broad discretion in determining whether to award prejudgment interest, we may not reverse its determination that a party did or did not make a good faith effort to settle absent an abuse of discretion. Id., citing Ziegler v. WendelPoultry Serv., Inc. (1993), 67 Ohio St. 3d 10, 20, 615 N.E.2d 1022,1032. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted. As noted inKalain, the Supreme Court has addressed the application of the abuse of discretion standard where prejudgment interest has been awarded under R.C. 1343.03(C). Specifically, the court has stated:
 "`"[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."'" *Page 11 
Kalain, at 161, (Celebrezze, P.J., dissenting), citing Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, quotations omitted in original.
 {¶ 13} In this case, the judgment entry contained one error, where in paragraph three, the trial court indicated that Dravenstott'snet worth had been in excess of $700,000. However, the evidence indicated that her gross worth was in excess of $700,000. This error is not indicative of an abuse of discretion. Our review of the record shows competent and credible evidence to support the trial court's findings, and we must defer to the trial judge, who was in the best position to weigh the evidence and assess witness credibility. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. On this record, we cannot find the trial court abused its discretion. The first assignment of error is overruled.
 {¶ 14} In the second assignment of error, Dravenstott asserts that the trial court should have calculated the specific amount of prejudgment interest awarded to Plaintiffs. In her argument, Dravenstott challenges the interest rate to be applied and whether prejudgment interest can be awarded based on future damages. Plaintiffs contend they are entitled to 10% interest on the entire jury award; however, Dravenstott argues that the statute establishing the statutory interest rate was amended while this case was pending, and therefore, different *Page 12 
interest rates apply at different times throughout the litigation. Dravenstott also argues that Plaintiffs are not entitled to prejudgment interest on future damages.
 {¶ 15} As noted above, the prior version of R.C. 1343.03(C) provides that prejudgment interest shall be computed from the date the cause of action accrued until the underlying judgment is paid in full. When R.C.1343.03(C) was amended by 125 Am. Sub. H.B. 212, effective June 2, 2004, the General Assembly specified:
 The interest rate provided for in division (A) of section 1343. 03 of the Revised Code, as amended by this act, applies to actions pending on the effective date of this act. In the calculation of interest due under section 1343.03 of the Revised Code, in actions pending on the effective date of this act, the interest rate provided for in section 1343.03 of the Revised Code prior to the amendment of that section by this act shall apply up to the effective date of this act, and the interest rate provided for in section 1343.03 of the Revised Code as amended by this act shall apply on and after that effective date.
This statement is clear that the General Assembly intended the changed interest rate to operate retrospectively, but limited the new rate's application to the effective date of June 2, 2004. However, the types of damages on which prejudgment interest could accrue and the pertinent time periods over which prejudgment interest could accrue were unaffected by the amendment, and therefore those portions of the prior version of R.C. 1343.03(A) and (C) not dealing with the interestrate operate prospectively. See Scibelli v. Pannunzio, 7th Dist. No. 05 MA 150, 2006-Ohio-5652, at ¶ 142, citing R.C. 1.48; Van Fossen. *Page 13 
As such, we must apply the prior version of R.C. 1343.03(C) as to the period of time over which interest accrues and the types of damages to which prejudgment interest may be calculated on. See Scibelli, at ¶ 146-149 (amendment to R.C. 1343.03 only applies retroactively as to the interest rate specified in R.C. 1343.03(A)). Pursuant to the prior version of R.C. 1343.03(C), Plaintiffs are entitled to prejudgment interest from the date of the collision until the judgment is paid, and prejudgment interest may be awarded on the entire jury award.
 {¶ 16} The former interest rate of 10% applies from the date of the collision through June 1, 2004. Beginning on June 2, 2004, the interest rate was affected by the newly enacted legislation. Under the new version of R.C. 1343.03(A), courts and parties must look to R.C. 5703.47
to ascertain the applicable interest rate. R.C. 5703.47 provides for a fluctuating interest rate based on the federal short-term rate and a statutory formula. Since interest accrues until the judgment is paid, and since nobody can predict when the judgment will be paid, the trial court could not possibly enter a specific dollar amount for prejudgment interest. As such, the second assignment of error is overruled.[4] *Page 14 
 {¶ 17} The appeal is dismissed in part, and the judgment of the Crawford County Common Pleas Court is affirmed.
Appeal dismissed in part and judgment affirmed.
SHAW and PRESTON, JJ., concur.
[1] We note that Dravenstott's brief contained two different statements of the second assignment of error. The table of contents and the body of the brief contained one statement; however, in her "statements of the assignments of error," Dravenstott set forth a different assignment of error. The latter statement is consistent with the argument expressed in the body of Dravenstott's brief. In the interest of justice, we will consider the correct assignment of error as supported by the appellant's argument.
[2] At oral arguments, Allstate represented to this Court that its policy provides for the payment of prejudgment interest up to a specified amount, and since it had said contractual obligation, it was a proper appellant in this case. However, Allstate has cited no authority for such proposition, we are unaware of any Appellate Rule that so provides, and Allstate is not part of this appeal as an intervenor.
[3] We use the version of R.C. 1343.03(C) as amended by 124 Am. Sub. S.B. 108, effective July 6, 2001, even though the statute was subsequently amended by 125 Am. Sub. H.B. 212, effective June 2, 2004. Aside from issues concerning the applicable interest rate, which we will discuss herein, the remaining portions of the statute were intended to act prospectively. Therefore, we apply the version of the statute in effect at the time the cause of action arose in June 2002. DiscountCellular, Inc. v. Pub. Util. Comm., 112 Ohio St.3d 360, 2007-Ohio-53,859 N.E.2d 957, at ¶ 41, citing State v. Cook, 83 Ohio St.3d 404, 410,1998-Ohio-291, 700 N.E.2d 570, citing Van Fossen v. Babcock WilcoxCo. (1988), 36 Ohio St. 3d 100, 522 N.E.2d 489, at paragraph one of the syllabus.
[4] We note that Dravenstott's objection to the Certificate of Judgment is not before us on appeal; however, it is apparent that our judgment in this matter may have some effect when jurisdiction is returned to the trial court following this appeal and Dravenstott's objection is considered by it. *Page 1