Cupp, J.,
concurring.
{¶ 23} I join the majority opinion in all respects. I write separately to explain why I believe that the facts in this case distinguish it from some other situations in which the parol evidence rule does not bar the admission of certain evidence to support claims made under the Consumer Sales Practices Act (“CSPA”). In *553 addition, I write to address why in my view, this case is distinguishable from the situation presented to the Second District Court of Appeals in Wall v. Planet Ford, Inc., 159 Ohio App.3d 840, 2005-Ohio-1207, 825 N.E.2d 686, upon which the court of appeals here heavily relied.
{¶24} In essence, the court of appeals resolved the issue of this case by holding, with minimal analysis, that the parol evidence rule is inapplicable to all claims brought under the CSPA. Williams v. Spitzer Auto World Canton L.L.C., Stark App. No. 2007 CA 00187, 2008-Ohio-2535, 2008 WL 2572378, ¶ 18-20. As the majority opinion concisely explains, this holding was overbroad in light of the pertinent statutes. The parol evidence rule applies in the circumstances of this case to prevent the introduction of extrinsic evidence to contradict the express terms of the parties’ written contract.
{¶ 25} As the majority notes, the parol evidence rule states that “ ‘absent fraud, mistake or other invalidating cause, the parties’ final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.’ ” Galmish v. Cicchini (2000), 90 Ohio St.3d 22, 27, 734 N.E.2d 782, quoting 11 Williston on Contracts (4th Ed.1999) 569-570, Section 33:4.
{¶ 26} The parol evidence rule is a principle of substantive law providing that “ ‘a writing intended by the parties to be a final embodiment of their agreement cannot be modified by evidence of earlier or contemporaneous agreements that might add to, vary, or contradict the writing.’ * * * The rule ‘operates to prevent a party from introducing extrinsic evidence of negotiations that occurred before or while the agreement was being reduced to its final written form,’ * * *and it ‘assumes that the formal writing reflects the parties’ minds at a point of maximum resolution and, hence, that duties and restrictions that do not appear in the written document * * * were not intended by the parties to survive.’ ” Bellman v. Am. Internatl. Group, 113 Ohio St.3d 323, 2007-Ohio-2071, 865 N.E.2d 853, ¶ 7, quoting Black’s Law Dictionary (8th Ed.2004) 1149-1150.
{¶ 27} Galmish sets out the primary situations in which the parol evidence rule does not apply. These include occurrences involving fraud or mistake and a contract that is not truly a “ ‘final written integration of [the parties’] agreement.’ ” Galmish, 90 Ohio St.3d at 27, 29, 734 N.E.2d 782, quoting Williston on Contracts at 569-570. These specific situations are commonly referred to as “exceptions” or “limitations” to the rule. See generally Russell v. Daniels-Head & Assocs., Inc. (June 30, 1987), 4th Dist. No. 1600, 1987 WL 13943, *4, discussing six exceptions to the parol evidence rule.
{¶ 28} An “integration” for these purposes is “[t]he full expression of the parties’ agreement, so that all earlier agreements are superseded, the effect being that neither party may later contradict or add to the contractual terms.” *554 Black’s Law Dictionary (9th Ed.2009) 880. If an integration is a “complete integration,” then it fully expresses the intent of the parties, and parol evidence is inadmissible. Id. On the other hand, if an integration is a “partial integration,” then it does not fully express the parties’ intent, and “[p]arol (extrinsic) evidence is admissible to clear up ambiguities with respect to the terms that are not integrated.” Id.
{¶ 29} This case specifically involves a contract that the parties intended to be a final and complete integration of their agreement, and Williams is attempting to contradict an express term of that contract. His only support for his position is his allegation that an oral agreement regarding the trade-in value of his vehicle reached prior to the execution of the final contract is different from the trade-in value term that appears in the final contract.[1] However, his attempt to prove the contradictory assertion “ ‘is exactly what the Parol Evidence Rule was designed to prohibit.’ ” Galmish, 90 Ohio St.3d at 29, 734 N.E.2d 782, quoting Shanker, Judicial Misuses of the Word Fraud to Defeat the Parol Evidence Rule and the Statute of Frauds (With Some Cheers and Jeers for the Ohio Supreme Court) (1989), 23 Akron L.Rev. 1, 7. Consequently, once it is accepted that the parol evidence rule applies generally to CSPA cases, Williams’s extrinsic evidence is not admissible under that rule.
{¶ 30} In some cases, an exception to the parol evidence rule will apply when it is asserted that the final contract is only a partial integration of the parties’ agreement and that a term that should have been included in the contract was not included. In certain situations of this type, the plaintiff is permitted to offer extrinsic evidence regarding the alleged missing term. See, e.g., Patrick v. Ressler, 10th Dist. No. 04AP-149, 2005-Ohio-4971, 2005 WL 2303687, ¶ 28 (the “collateral agreement rule” is an exception to the parol evidence rule that allows parol evidence to be used to show the existence of collateral agreements made prior to or contemporaneously with a written agreement). This case does not implicate any type of partial-integration exception because “ ‘any such collateral agreement must not contradict the terms of the written agreement, and the agreement must be one that would naturally be omitted from the written instrument.’ ” Id., quoting Pingue v. Durante (May 9, 1996), Franklin App. No. 95APG09-1241, 1996 WL 239642.
*555 {¶ 31} Other common exceptions, which include clarifying a mistaken or ambiguous term and fraud as the inducement to enter into the contract, are not pertinent to the situation here, either. Because this case does not involve an exception, and because the parol evidence rule is relevant to CSPA cases, the parol evidence rule applies here to bar Williams from asserting that the contract price is different from what the contract expressly states. This case is distinguishable from cases involving exceptions to the rule because Williams is trying to directly “contradict” the express terms of the fully integrated contract.
{¶ 32} The situation in this case is fundamentally different from the situation considered by the Second District Court of Appeals in Wall, 159 Ohio App.3d 840, 2005-Ohio-1207, 825 N.E.2d 686, which the court of appeals here cited in support of its holding that certain defenses, including the parol evidence rule, do not apply in CSPA cases. In particular, the court of appeals in the case sub judice focused upon paragraph 25 of Wall, in which the Second District stated: “ ‘Waiver, ratification, and other common law defenses do not apply to a claim under a law such as the Ohio Consumer Sales Practices Act because the claim is based not on the contract, but on oral or other misrepresentations. For the same reason, the statute of frauds, the parol evidence rule, contractual limitations on liability, and contractual limitations on remedies do not apply.’ Doody v. Worthington [Apr. 10, 1991], Franklin Cty. M.C. No. M 9011CVI-37581, 1991 WL 757571, at *3, citing National Consumer Law Center, Unfair and Deceptive Acts and Practices (2d Ed.1988), Sections 4.2.15 and 5.2.4.” However, further examination of Wall does not support the court of appeals’ reliance on that case for its expansive holding.
{¶ 33} In Wall, the plaintiff claimed that the auto dealership from which she had purchased her vehicle promised to pay off her home-equity line of credit that she had taken out to finance the vehicle she was trading in to the dealership. Id. at ¶ 20, 22. This alleged promise was not reduced to writing, and the purchase agreement did not mention anything about such a payoff. Id. at ¶ 23-24.
{¶ 34} Wall states that “[u]nder her CSPA claims, Wall is not attempting to enforce the oral representations made by Planet Ford as part of her contract, but is claiming that Planet Ford’s representations amounted to an unfair, deceptive, and unconscionable act in connection with a consumer transaction, in violation of the CSPA. The parol evidence rule is irrelevant in this sense.” Id. at ¶ 26. Even though it expressed some skepticism about Wall’s version of the facts, the appellate court concluded that the trial court had improperly awarded Planet Ford summary judgment because Wall’s CSPA claim raised a genuine issue of material fact. Id. at ¶ 27.
{¶ 35} Regardless of whether Wall was correctly decided, Wall does not support the sweeping proposition, asserted by the court of appeals herein, that *556 the parol evidence rule is never applicable to CSPA claims. A close reading of Wall in its context reveals that the reason the parol evidence rule was “irrelevant” was because the particular claims in that CSPA case were not based on the parties’ contract but on the representations themselves, which the plaintiff claimed were deceptive. Moreover, those purported promises were not in the agreement at all, so there could have been no issue of whether the alleged representations underlying the plaintiffs CSPA claims “contradicted” the terms of the agreement. Equally important, even if the parol evidence rule had been held applicable in Wall, one or more of the exceptions to the rule allowing evidence extrinsic to the written agreement (such as fraudulent inducement, misrepresentation, or the collateral-agreement exception in that the parties did not intend the contract to be a final integration in light of its alleged missing term) likely would have applied, given the facts. Thus, the ultimate result of making the rule “irrelevant in this sense” would have been the same. Id., 159 Ohio App.3d 840, 2005-0hio-1207, 825 N.E.2d 686, ¶ 26. In this case, in contrast, no exception to the rule is applicable. Williams merely attempts to contradict a specific term of the parties’ express agreement.
{¶ 36} The first paragraph of the syllabus of the majority opinion accurately states the holding that Ohio Adm.Code 109:4-3-16(B)(22) can have no effect to the extent that it is susceptible of the interpretation that the administrative rule authorizes an automobile purchaser to present parol evidence expressly contradicting the parties’ final written contract. However, this holding does not make the administrative rule ineffective in other contexts. The administrative rule is designed to avert disagreements concerning a particular term that had been discussed by the parties during negotiations but is missing from the parties’ final written sales contract by specifying that “all material statements, representations or promises” should be integrated into the final contract. To the extent that Ohio Adm.Code 109:4-3-16(B)(22) clarifies that the final sales contract should not omit “material” terms that induced the consumer to sign it, it serves a salutary purpose that is not affected by the holding of paragraph one of the syllabus.
{¶ 37} Finally, today’s decision does not vitiate the principle that the CSPA is a remedial act that must be liberally construed. See Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27, 29, 548 N.E.2d 933. Rather, we are holding that the parol evidence rule applies to contracts upon which CSPA claims are based in the same way that the rule applies to other contracts because there is no support in the relevant statutes for a contrary result. The rule of liberal construction cannot overcome this overriding consideration. Although the court of appeals was incorrect in holding that the parol evidence rule can never apply in a CSPA case, the rule of liberal construction for CSPA claims can be relevant in evaluating whether the recognized exceptions to the parol evidence rule apply in *557 a particular situation. The instant case, however, does not present such a situation.
Crawford, Lowry & Associates, L.L.C., and G. Ian Crawford, for appellee.
Giardini, Cook & Nicol, L.L.C., and Anthony B. Giardini, for appellant.
Stockamp & Brown, L.L.C., David A. Brown, and Deanna L. Stockamp, urging reversal for amicus curiae Automotive Dealers Association.
Bricker & Eckler, L.L.P., Kurtis A. Tunnell, Anne Marie Sferra, and Eric S. Bravo, urging reversal for amici curiae National Federation of Independent Business/Ohio and American Tort Reform Association.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Elisabeth A. Long, Deputy Solicitor, and Melissa G. Wright, Assistant Attorney General, urging affirmance for amicus curiae state of Ohio.
Equal Justice Foundation and Rachel K. Robinson, urging affirmance for amici curiae Ohio State Legal Services Association, Southeastern Ohio Legal Services, Legal Aid of Western Ohio, Inc., Advocates for Basic Legal Equality, Legal Aid Society of Columbus, Legal Aid Society of Cleveland, Housing Advocates, Inc., and the Equal Justice Foundation.
Ronald L. Burdge and Elizabeth Ahern Wells, urging affirmance for amici curiae National Association of Consumer Advocates, Ohio Association for Justice, and Stark County Association for Justice.
Moyer, C.J., and Lundberg Stratton and O’Connor, JJ., concur in the foregoing opinion.

. As the majority’s statement of the facts details, the final written purchase agreement clearly displayed a trade-in allowance of $15,500. In addition, Williams’s actions after he claims he discovered the discrepancy regarding that allowance were inconsistent with his allegation that a discrepancy exists, in that he later tendered two separate checks for $1,000 to provide the additional money to pay off the loan secured by the trade-in vehicle without mentioning any problem either time.