[Cite as *Ayres v. Burnett*, 2014-Ohio-4404.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

RICHARD E. AYRES, et al.                      :
                                              :        Appellate Case No. 2013-CA-88
            Plaintiffs-Appellants             :
                                              :        Trial Court Case No.   08-CV-1266
v.                                            :
                                              :
DAVID BURNETT, et al.                         :        (Civil Appeal from
                                              :         Common Pleas Court)
            Defendants-Appellees              :
                                              :

· · · · · · · · · ·

O P I N I O N

Rendered on the 3rd day of October, 2014.

· · · · · · · · · ·

DAVID M. RICKERT, Atty. Reg. #0010483, Dunlevey Mahan & Furry, 110 North Main Street, Suite 1000, Dayton, Ohio 45402-9837
and
RAY A. COX, Atty. Reg. #0011711, 265 Regency Ridge Drive, Dayton, Ohio 45459
         Attorneys for Plaintiffs-Appellants

JO E. KAISER, Atty. Reg. #0072449, 155 West Main Street, Suite 100, Columbus, Ohio 43215
         Attorney for Defendants-Appellees

· · · · · · · · · · · ·

FAIN, J.,

    {¶ 1}    Plaintiffs-appellants Diana and Richard Ayres appeal from a judgment of the

Clark County Court of Common Pleas rendered upon their complaint against defendants-appellees Diana and David Burnett. They contend that the trial court erred by considering parol evidence of modification of the lease agreement between the parties. Alternatively, they contend that there was no consideration for any modification.

{¶ 2} We conclude that the trial court erred to the extent that it considered evidence of conversations extrinsic to the lease before February 2004, because that evidence is barred by the parol evidence rule. We further conclude that the evidence of conversations concerning the modification made in February 2004 is not barred by the parol evidence rule. We conclude that the trial court erred in finding that there was evidence of consideration for modification as of that date. Finally, we conclude that there is competent, credible evidence upon which the trial court could rely in finding that in August 2006, the parties orally agreed to modify the monthly rent under the lease agreement as of August 2006, and that the modification of the rent amount was supported by sufficient consideration.

{¶ 3} Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.

## I. The Lease

{¶ 4} The Ayreses are the owners of a commercial building at 89 East Clark Street, North Hampton, Ohio. On October 2, 2002, they executed an "Offer to Lease" with the Burnetts, which provided for monthly rent in the amount of $1,950. The Burnetts opened a day-care business in the property in July 2003. A lease was executed between the parties on October 13, 2003. The lease had an effective period from July 2003 through June 30, 2006.

The lease contained the provision for monthly rent as the Offer to Lease – $1,950. No rent payments were made until February 2004, when the Burnetts began paying $1,500 per month. On September 1, 2006, the Burnetts began paying $1,650 per month for rent, until April 2007, when they vacated the premises.

{¶ 5} The Ayreses brought this action against the Burnetts for unpaid rent, as well as damages to the building. At trial, Mr. Burnett testified that Mr. Ayres agreed to accept the sum of $1,500 as full rent. He further testified that the parties agreed to the sum of $1,650 beginning September 2006. Mr. Burnett testified that Ayres gave them receipts for the monthly payments and never indicated that there was an underpayment.

{¶ 6} Mrs. Burnett testified that Mr. Ayres approached her about using his building for a daycare business. She testified that Mr. Ayres prepared a business plan for her, but did not include an amount for rent. According to Mrs. Burnett, Mr. Ayres told her that the rent would "probably [be] between $800 or $900." Tr. p. 316-317. The business opened in July 2003. She testified that Mr. Ayres told her that she and her husband should get the business going and they would discuss the rent payments later. Ayres did not contact her again until October 2003, when he brought the written lease agreement to them for signature. Mrs. Burnett testified that she told Mr. Ayres that the rent payment set forth in the lease agreement was not the amount agreed upon; he told her not to worry about it, that he had already had his attorney prepare the lease and they would "take care of it in a few months and see what the rent would be." Tr. p. 326.

{¶ 7} Mrs. Burnett testified that she next discussed the matter with Ayres in early February 2004, when he came to the daycare to discuss the rent. She testified that he asked her

how much she could pay, and she told him that she could afford to pay $1,500 per month. Mrs. Burnett testified that Mr. Ayres agreed to that amount. She also testified that he agreed to accept their business tax refund as payment for past rent. She testified that she personally gave him a check for $8,500, which he accepted for the past rent. Mrs. Burnett testified that in August 2006, when the lease term expired, Mr. Ayres told her that he wanted the sum of $2,200 as rent. She testified that they agreed to the sum of $1,650, which she and her husband paid through March 2007. They vacated the premises in April 2007.

{¶ 8}    Mr. Ayres, who is an accountant, testified that the building had previously been used for a daycare business and that he marketed it to the Burnetts for that use. He testified that he never agreed to a reduction in rent. He testified that he accepted the $1,500, and later the $1,650 in rental payments from the Burnetts, but that the "balance was never forgiven. It was deferred." Tr. p. 109. He testified that the receipts he gave the Burnetts did not indicate any balance due in the section used for showing deficiencies, and that he did not present them with an invoice for the balance. He further testified that he did not take any steps to evict or to sue the Burnetts during the time they occupied the premises. He filed suit in August 2008.

## II.    The Course of Proceedings

{¶ 9}    Following trial, the magistrate found that the parties had modified the terms of the lease. The magistrate's decision stated, in pertinent part, as follows:

> The [Ayreses] and the [Burnetts] entered into an Offer to Lease dated June 26, 2002 and a lease agreement for the lease of 89 East Clark Street, North

Hampton, Ohio on or about October 13, 2003. The lease, by its terms, was to have commenced on July 1, 2003 and was to end on June 30, 2006. The [Burnetts] possessed the option to renew the lease for an additional three years providing certain conditions were met. The option to renew the lease for an additional three years was to have been memorialized by a writing and, in the absence thereof, the tenant was to be considered as holding over and a tenant at will. The Court finds that the [Burnetts] continued to occupy the leased premises into April, 2007 with the agreement of the [Ayreses] but that they were tenants at will.

The Court finds that, based on their course of dealing as evidenced by the testimony and exhibits, the [parties] agreed that the rent for the premises, after June 30, 2006 was to be $1,650.00 per month which the [Burnetts] paid through March, 2007. Prior to that date, the parties, by their course of dealing, as evidenced by the testimony and exhibits, had agreed this rent would be reduced to $1,500 per month. The consideration for such amendments was the continued occupancy of [the Burnetts] on [the Ayreses] premises. The [Burnetts] vacated the premises in April, 2007 but agreed to pay the [Ayreses] April rent but failed to do so. The Court, therefore, finds that the [Ayreses are] due that rent as well as the ten percent (10%) penalty provided for under the lease for a total of $1,715.00.

The Court further finds that, as to [the Ayreses'] claim for rent due from the inception of the lease until the termination of the initial three-year term, that the parties subsequently modified the lease terms to provide for a lesser amount of

monthly rent than that originally provided for and the parties' course of conduct over the three years of the original term was probative of their modification. Accordingly, the Court finds in favor of the [Burnetts] upon the claim of the [Ayreses] for unpaid rent during the [Burnett's] occupancy of the premises during the initial three-year term.

{¶ 10} The Ayreses filed objections to the magistrate's decision, which the trial court overruled. From the judgment rendered by the trial court, the Ayreses appeal.

### III. The Trial Court Erred by Considering Parol Evidence of a Modification of the Lease Agreement Before August, 2006

{¶ 11} The Ayreses assert the following as their sole Assignment of Error:

THE LOWER COURT ERRED IN FINDING THAT THE TERMS OF THE EXPRESS CONTRACTS WERE MODIFIED EITHER BY PRE-CONTRACTUAL ORAL AGREEMENTS OR BY POST-CONTRACTUAL ORAL AGREEMENTS UNSUPPORTED BY CONSIDERATION.

{¶ 12} The Ayreses contend that evidence of any modification of the rental amount set forth in the lease is barred by the parol evidence rule. Alternatively, they contend that any finding of modification is improper, because no consideration was given for a reduction in the amount of rent.

{¶ 13} "As a rule of substantive law, the parol evidence rule provides that extrinsic evidence is not admissible to contradict or vary the terms of an unambiguous contract."

*Mangano v. Dawson*, 7th Dist. Columbiana No. 93-C-72, 1995 WL 358685, * 3 (June 13, 1995).

 "The rule results from the presumption that the intent of the parties to a contract resides in the language they choose to employ in the agreement." *Id.* "The rule 'operates to prevent a party from introducing extrinsic evidence of negotiations that occurred before or while the agreement was being reduced to its final written form[.]' " *Belllman v. Am. Internatl. Group*, 113 Ohio St.3d 323, 2007-Ohio-2071, 865 N.E.2d 853, ¶ 7. "The parol evidence rule does not apply to evidence of subsequent modifications of a written agreement or to waiver of an agreement's terms by language or conduct." *Star Leasing Co. v. G & S Metal Consultants, Inc.*, 10th Dist. Franklin No. 08AP-713, 2009-Ohio-1269, ¶ 29.

**{¶ 14}** In this case, the lease did not contain a clause prohibiting oral modification of the lease. There is evidence that the parties engaged in general discussions, prior to, and contemporaneous with, the signing of the lease, to the effect that the monthly rent would be less than $1,000. This evidence is barred by the parol evidence rule. However, we conclude that there was competent, credible evidence upon which the magistrate could rely in finding that the parties engaged in conversations in February 2004, after the execution of the lease, that could serve to modify the amount of rent subsequent to the execution of the lease. The parol evidence rule is inapplicable to those discussions.[1]

**{¶ 15}** We must determine whether there was any consideration to support an oral modification of rent as a result of the discussions in February 2004. "Leases are contracts and are subject to traditional rules of contract interpretation." *EAC Properties, LLC v. Brightwell,*

---

[1] "[T]he parol evidence rule does not prohibit a party from introducing parol or extrinsic evidence for the purpose of proving fraudulent inducement." *Galmish v. Cicchini*, 90 Ohio St.3d 22, 27, 734 N.E.2d 782 (2000). The Burnetts did not plead fraud, either in the inducement of the contract, or generally.

10th Dist. Franklin No. 10AP-853, 2011-Ohio-2373, ¶ 13. "A tenancy is possession or occupancy of land by right or title, especially under a lease, which is a contract by which an owner or rightful possessor of real property conveys the right to use and occupy the property in exchange for consideration, usually rent." *Kanistros v. Holeman*, 2d Dist. Montgomery No. 20528, 2005-Ohio-660, ¶ 15. "Oral modification of a written contract must be supported by new and distinct consideration." *Coldwell Banker Residential Real Estate Services v. Sophista Homes, Inc.*, 2d Dist. Montgomery No. 13191, 1992 WL 303073, * 3 (Oct. 26, 1992). "It is elementary that neither the promise to do a thing, nor the actual doing of it will constitute a sufficient consideration to support a contract if it is merely a thing which the party is already bound to do, either by law or a subsisting contract with the other party." *Id.* quoting *Rhoades v. Rhoades*, 40 Ohio App. 2d 559, 562, 321 N.E.2d 242 (1st Dist. 1974). "The pre-existing duty rule prohibits one from being forced to modify a contract whereby one is already bound to perform without adding some additional consideration." *O'Brien v. Production Engineering Sales Co.*, 2d Dist. Montgomery No. 10417, 1988 WL 2436, * 4 (Jan. 8, 1988) "The burden of proving consideration is on the party who seeks to prove modification." *Coldwell Banker*, supra. The existence of consideration is a question of fact. *Id.* In a civil case, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus (1978).

**{¶ 16}** In this case, the Burnetts were already bound by the lease to rent the premises for a term of three years at the rate of $1,950 per month. The mere fact that the Burnetts promised to pay, and did pay, a lesser sum than they were required to pay does not constitute consideration

sufficient to create a new contract. *Lawhorn v. Lawhorn*, 2d Dist. Montgomery No. 11914, 1990 WL 129287, * 3 (Sept. 7 1990). "[A] mere agreement by the lessor to accept less rental than that provided in the lease, is without consideration and, therefore, not binding." *Adams Recreation Palace, Inc. v. Griffith*, 58 Ohio App. 216, 16 N.E.2d 489 (2d Dist. 1937).

{¶ 17}    However, as of August 2006, the initial three-year lease term had expired, and the Burnetts became tenants at will, holding over under the lease. As stated above, there is evidence that the parties orally agreed, in August, that the rental amount would be $1,650. The trial court was free to credit the Burnetts' testimony over that of Mr. Ayres regarding the modification. We do not find the Burnetts' testimony unworthy of belief. This modification was supported by sufficient consideration, in that the Burnetts continued in possession of the premises, enabling the Ayreses to continue to earn income, after the expiration of the original lease term. Thus, we conclude, based upon the facts found by the trial court, that from August 2006 until the parties vacated the premises, the agreed-upon monthly rent was $1,650, which the Burnetts paid.[2]

---

[2]    As noted by the trial court, the Burnetts did not pay rent for April 2007, for which they are responsible.

{¶ 18}   We conclude that the trial court erred to the extent that it permitted the use of parol evidence to support a finding of modification prior to the February 2004 conversations between Mr. Ayres and the Burnetts.  Thus, the finding of modification prior to that date was improper.   Furthermore, there was no consideration for a modification before the expiration of the lease term in 2006.   We conclude that there was evidence of conversations suggesting a modification as of February 2004; however, again the record does not demonstrate consideration sufficient to support an agreement to modify.   We   conclude that the trial court's finding of modification was, therefore, error with regard to the period from February 2004 until August 2006.[3]   The trial court did not err in finding consideration sufficient to support the claimed modification for the period from August 2006, during the holdover period until the premises were vacated.

{¶ 19}   The trial court's decision with regard to modification prior to August 2006 is not supported by the record.   The decision finding both modification with sufficient consideration following August 2006 is supported by the evidence.   Thus, the sole assignment of error is sustained in part and overruled in part.


## IV.   Conclusion

{¶ 20}   The sole assignment of error being sustained in part and overruled in part, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

---

[3]   The magistrate made reference to the "parties' course of conduct" which it found probative of the issue of modification.    We are uncertain as to the exact nature of that conduct.    It is possible that the magistrate intended to discuss "waiver by estoppel" as set forth in *EAC Properties v. Brightwell*, 10th Dist. Franklin No. 10-AP-853, 2011-Ohio-2373. The lease agreement contained an anti-waiver provision. In any event, the appeal before us is limited to the issues of the parol evidence rule and consideration.

. . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.


Copies mailed to:

David M. Rickert
Ray A. Cox
Jo E. Kaiser
Hon. Richard J. O'Neill