[Cite as *Cook & Son-Pallay, Inc. v. Hillman*, 2014-Ohio-5444.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cook & Son-Pallay, Inc., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-448 |
| v. | : | (M.C. No. 13CVF-34465) |
| Steven E. Hillman, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on December 11, 2014

*Stephen A. Moyer*, for appellee.

*Steven E. Hillman*, for appellant.

### APPEAL from the Franklin County Municipal Court

SADLER, P.J.

{¶ 1} Defendant-appellant, Steven E. Hillman, appeals from a judgment of the Franklin County Municipal Court granting summary judgment in favor of plaintiff-appellee, Cook & Son-Pallay, Inc. ("Pallay").

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Pallay is a funeral home and crematory that provided funeral services for appellant's mother-in-law, Venetia H. Francis. Pallay and appellant executed an agreement entitled "Authorization for the Services of: Venetia H. Francis" and bearing notations for the date of death (April 17, 2011) and "Date of Contract" (April 20, 2011). The document contains a series of preprinted boxes for itemization of charges associated with the funeral services. One rubric under the category "Cash Advances" states as follows: "Obituaries (to be added)." There is no amount stated in the associated price box

for this item, but the notation "to be added" is circled. Various other funeral charges appear above a line labeled "subtotal" that gives the figure $3,704.12. Below this appears a line titled "Additions," followed by the handwritten notation "2 obits" and the amount of $386.05. The line below this reflects a total charge of $4,090.29.[1] Argument presented by Pallay on appeal makes clear that, while the circled "to be added" reference for obituaries is original, the notation "2 obits" and associated charge was added after execution of the contract by the parties. This contract is signed by Daniel W. Pallay as funeral director on behalf of appellee and appellant on his own behalf.

{¶ 3} Pallay did not receive payment for any of these funeral services. On October 23, 2013, Pallay filed a complaint in municipal court alleging claims for breach of contract, unjust enrichment, and failure to pay an account stated. Appellant answered, admitting the existence of the contract and that funeral services were provided, but otherwise responded with a general denial. Appellant offered affirmative defenses of failure to join as a necessary party and failure to mitigate damages.

{¶ 4} Pallay moved for summary judgment, supported by a copy of the contract and the affidavit of Daniel W. Pallay, who averred that he personally oversaw embalming and funeral services for the deceased, witnessed appellant execute the contract, received no complaints from appellant regarding the funeral services provided, and received no payment in connection therewith. Appellant opposed summary judgment with his own affidavit averring that he had agreed only to be responsible for those funeral expenses that were not paid by the decedent's estate, that Pallay had failed to mitigate its damages, and that the contract copy submitted with the complaint and in support of summary judgment had been materially altered by addition of the obituary price term and thus did not reflect the document executed by appellant.

## II. ASSIGNMENT OF ERROR

{¶ 5} The trial court granted summary judgment for Pallay, and appellant has timely appealed, bringing the following sole assignment of error:

> The Trial Court erred [when] it granted Appellee's Motion for
> Summary Judgment.

---

[1] A minor computational error as correct amount is $4,090.17.

{¶ 6}   We initially note that this matter was decided in the trial court by summary judgment, which, under Civ.R. 56(C), may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).  Additionally, a moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support each element of the stated claims. *Id.*  An appellate court's review of summary judgment is de novo. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994); *Bard v. Soc. Natl. Bank, n.k.a. KeyBank*, 10th Dist. No. 97APE11-1497 (Sept. 10, 1998).  Thus, we conduct an independent review of the record and stand in the shoes of the trial court. *Jones v. Shelly Co.*, 106 Ohio App.3d 440, 445 (5th Dist.1995).  As such, we have the authority to overrule a trial court's judgment if the record does not support any of the grounds raised by the movant, even if the trial court failed to consider those grounds. *Bard.*

{¶ 7}   In order to establish a claim for breach of contract, the plaintiff must show the existence of a contract, performance by the plaintiff under the terms of that contract, breach by the defendant, and damage or loss to the plaintiff. *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 10 (10th Dist.2002).  The construction of a written contract is a matter of law for the trial court to determine. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph one of the syllabus.  Because the interpretation of written contracts, including any assessment as to whether a contract is ambiguous, is a question of law, we review such issues de novo on appeal. *Sauer v. Crews*, 10th Dist. No. 12AP-320, 2012-Ohio-6257, ¶ 11.  Our judicial examination of the contract begins with the fundamental objective of ascertaining and giving effect to the intent of the parties at the time they executed the agreement. *N. Coast Premier Soccer, LLC v. Ohio Dept. of Transp.*, 10th Dist. No. 12AP-589 (Apr. 25, 2013); *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989).  "The intent of the parties to a contract is presumed to reside in

the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130 (1987), paragraph one of the syllabus.

{¶ 8} If a contract is not ambiguous, it must be enforced as written. *Key Bank Natl. Assn. v. Columbus Campus, LLC*, 10th Dist. No. 11AP-920, 2013-Ohio-1243, ¶ 27. "Ambiguity exists only when a provision at issue is susceptible of more than one reasonable interpretation." *Lager v. Miller-Gonzales*, 120 Ohio St.3d 47, 2008-Ohio-4838, ¶ 16. Under the parole evidence rule, a writing intended by the parties to represent the final and comprehensive embodiment of their agreement cannot be modified by evidence or earlier or contemporaneous agreements that would add to, vary or contradict the contract. *Bellman v. Am. Internatl. Group*, 113 Ohio St.3d 323, 2007-Ohio-2071, ¶ 7. Parole evidence may be admitted, however, when an ambiguity exists for purposes of clarifying the contractual intent of the parties. *Yoder v. Thorpe*, 10th Dist No. 07AP-225, 2007-Ohio-5866.

{¶ 9} It is not necessary to resort to parole evidence in this case because neither party disputes that the language of the contract is clear and unambiguous. They simply cannot agree on whether it has binding effect.

{¶ 10} We find that the language chosen by the parties constitutes the unambiguous expression of a minor open price term in the contract, with compensation for all funeral services fixed except for a variable term representing the as-yet unascertainable cost of placing obituaries in local news outlets. Such a contract with an open price term is enforceable when the parties clearly manifest an intention to be bound. *Malaco Constr., Inc. v. Jones*, 10th Dist. No. 94APE10-1466 (Aug. 24, 1995), citing *Oglebay Norton Co. v. Armco*, 52 Ohio St.3d 232, 236 (1990).

{¶ 11} Courts will undertake a two-step procedure to determine whether the parties have reasonably filled the open price term. *Malaco*. First, the evidence must establish whether the parties intended to be bound by the terms of the contract and subsequently fill the open price term. Second, the evidence must establish that the party attempting to enforce the contract filled the open price term with a reasonable price under the principles set forth in 1 Restatement of the Law 2d, Contracts, Section 33, Comment A, 92 (1981), and by analogy with sale of goods situations under R.C. 1302.18(A) (UCC Section 2-305). *Malaco*.

{¶ 12} Appellant does not dispute that he entered into a contract with Pallay for funeral services. Nor does he assert that the open price term in that contract was unreasonably filled under Pallay's final billing. Appellant asserts instead that, through alteration of the original contract, Pallay somehow voided the entire contract when it inserted the cost of obituaries as an additional amount below the original subtotal. Appellant also asserts that, outside the express terms of the contract, he agreed to the contract only on the basis that Pallay would first seek to recover the contracted funeral expenses from the estate of the decedent and that Pallay has failed to mitigate its damages by failing to first seek recovery from the estate rather than from appellant directly.

{¶ 13} Appellant presents no legal authority for the proposition that a party to a contract has an implied duty to mitigate the primary obligor's cost of performance by first seeking payment from non-party sources that are not specified in the contract. This proposition lacks both legal support and intuitive appeal. Moreover, to accept appellant's argument impermissibly calls for introduction of parole evidence to modify the clear and unambiguous contractual language chosen by the parties. *Bellman*.

{¶ 14} Nor do we find persuasive appellant's assertion that by filling the open obituary cost price term on the original contractual document, Pallay voided the entire contractual agreement. The notation of the obituary cost under additional amounts does not conflict with the express intent of the parties to reserve this price term for later determination and gives no basis to vacate the entire agreement.

{¶ 15} For the above stated reasons, we overrule appellant's sole assignment of error.

## III. CONCLUSION

{¶ 16} For the foregoing reasons, we find that the Franklin County Municipal Court did not err in finding there remained no genuine issue of material fact and properly granted summary judgment in favor of appellee. Having overruled appellant's sole assignment of error, the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

CONNOR and DORRIAN, JJ., concur.

_____